[No. 4187.]

THE GREAT PLAINS WATER COMPANY v. THE LAMAR
CANAL COMPANY ET AL.

1. **Water Rights—Adjudicating Priorities—Appellate Practice—
Findings.**

Where on appeal from a decree adjudicating priorities of
water rights, the decree was reversed and remanded with the
privilege to the parties to introduce further evidence if they
chose, and both parties declined to offer further evidence, it was
the duty of the court to determine the controverted questions of
fact from the evidence then before it, and where its decree is
supported by evidence and by the findings of the referee as to
the date of priority and amount of appropriation awarded, the
decree will not be disturbed by the appellate court.

2. **Water Rights—Constitutional Law—Map and Statement Stat-
ute.**

Rights to the use of water which depend for their existence
upon a compliance with the requirements of the so-called map
and statement statute, which has been held unconstitutional, can-
not be enforced as against superior rights, notwithstanding the
original appropriators of water relied upon the validity of the
statute, and the rights of other appropriators of water in the
same district have been adjudicated upon the assumption that
the statute was valid.

3. **Appellate Practice—Second Appeal—Questions Determined
on First Appeal.**

Where on appeal it was determined that appellant was not
in a position to raise certain constitutional questions, the same
questions cannot be reopened on a second appeal by an appel-
lant who succeeded to the interest of the former appellant.

*Appeal from the District Court of Bent County.*

Messrs. ROGERS, SHAFROTH & GREGG, for appel-
lant.

Mr. C. C. GOODALE, Mr. JAMES W. McCREERY and
Mr. C. F. MEAD, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of
the court.

This case was before this court on a former ap-

peal, and, under the title, *The Lamar Canal Co. v.
The Amity Land & Irrigation Co. et al.,* is reported
in 26 Colo. at page 370. The Great Plains Water
Company, having succeeded to the rights of the Amity
Company, has been substituted for the latter. The
proceeding was brought under the irrigation statutes
of the state. Its object was an adjudication of the
priorities of right to the use of water for irrigation in
water district No. 67, wherein the canals of the par-
ties are situate. In making the adjudication the
priority of the Amity Company, the grantor of appel-
lant, was made senior to that awarded to appellees,
though work upon the canals of the latter was first
begun. This determination was based solely upon
the assumption that the so-called map and statement
acts referred to in the former opinion governed. In
accordance with their provisions, and under the facts
disclosed by that record, the rights of the owners of
the Lamar canal, though earlier in their inception,
were postponed to the rights of their adversary, be-
cause the latter had complied with the provisions of
the act. This court having held the acts in question
void, the decree which rested upon them was reversed
and the cause remanded. The concluding portion of
the opinion reads:

"As the appellant claims that the quantity of
water awarded it by the decree was not sufficient, and
as the appellees contend that, in the absence of the
statutory test of the date of priority, there is not suffi-
cient definite evidence in the record to determine it,
we have deemed it best, in the conflict of the testimony
and the uncertainty that necessarily must be present
when it is considered that the court below in establish-
ing and fixing the dates of the priorities proceeded
upon an improper basis, not to attempt a reformation
of the decree; but rather to remand the proceeding
with instructions to the district court to vacate the de-

7

.cree in so far as it affects the canal of the appellant, and to proceed either upon the testimony now before it, or, if the parties, or either of them, so desire, to take additional evidence, and upon all of the evidence to make findings and enter a decree to conform to the views expressed in this opinion.''

. It will be observed from this excerpt that this court, for the reasons therein given, declined to reform the decree, but remanded the cause that the parties might, if they saw fit, strengthen their respective claims by further proof. After the cause was remanded and the district court was called upon to execute the mandate, The Lamar Canal Company abandoned its claim to a larger amount of water than that given it by the original decree under the second priority, waived its right to introduce additional evidence, and asked the court to enter a decree upon the evidence already before it. The Great Plains Water Company elected not to produce further evidence. The evidence before the trial court as the basis of the decree which the mandate required to be rendered was, therefore, the same as that upon which the original decree was made. The Lamar Canal Company thereupon asked the court to modify its findings of fact to comply with the views expressed in our former opinion, and to enter a decree upon the same. The court, upon due consideration, affirmed and approved the findings made by the referee with the modifications directed by this court, and, as modified, those findings were adopted by the court as its own, and upon them a decree was rendered whereby there was awarded to appellees a priority to a certain quantity of water senior to that decreed to The Great Plains Water Company. From this portion of the decree the latter has brought the case here by appeal.

1. Appellant now contends that the time and amount of the appropriation of water which is

claimed by appellees as against the admitted time and amount of the appropriation of the appellant were, by the express terms of our former decision, left open questions to be ascertained and adjudged by tests other than those furnished by the so-called map and statement statutes held in the former opinion to be unconstitutional.  It is also contended that it is still an open question whether the appellant, as the purchaser of the water rights of the Amity canal, whose builders relied upon the statutes mentioned as accepted guides in establishing their priorities to the use of water, can be deprived of the property rights which their investments were made to secure, by now declaring such statutes unconstitutional.  The questions of fact, therefore, presented by appellant's assignments of error are as to the time and amount of appellees' appropriation as against the time and amount of the appropriation claimed by appellant, and the insufficiency of the evidence to sustain the findings of fact and the decree as rendered.  The legal questions argued are that since the original appropriators of appellant's priority relied upon the validity of the statutes in question, which had received recognition from the various departments of the state government, this gave rise to a contract between the state and the appropriators which could not be impaired by a subsequent judicial decision; and that, inasmuch as the rights of other appropriators of water in the same water district have been adjudicated upon the assumption that the statutes are valid and appellant's rights upon other principles, it necessarily follows that appellant has been denied the equal protection of the law, in violation of the fourteenth amendment to the constitution of the United States.

Appellees insist that in the state of the record all of these questions have been foreclosed, some of them

by our former decision, and others because of the failure upon the part of appellant to comply with the rules of practice under which only may such questions be presented for determination.

With respect to the latter point it is to be said that a strict enforcement of the rule would preclude appellant from being heard, at least as to the errors predicated upon the insufficiency of the evidence. The necessary objections were not made, or exceptions preserved, to the rulings of the court now said to be erroneous, and the record is silent as to any exceptions to the findings of fact. But as it is more satisfactory to a court, if consistent with a wholesome practice, to dispose of a legal controversy upon its merits, we have concluded to proceed upon the assumption that the questions of fact, at least, are before us for decision.

We have examined not only the abstract of the record in this cause, but the more complete one used upon the former appeal, and are satisfied that the findings of fact and the decree find support in the evidence.

The principal, if not the only, reason for remanding the cause was that The Lamar Canal Company, which was then the appellant, complained that the amount of water awarded to it by the original decree as a second priority was insufficient. For the reasons given, no attempt to reform the decree was made by us, but to give the parties an opportunity to strengthen their cause by additional proof, if they saw fit, the cause was sent down to the district court. When, therefore, appellant, upon the second hearing below, abandoned its claim to more water under the second priority, it was the duty of the trial court to determine the controverted questions of fact from the evidence then before it, as both parties declined to avail themselves of the right to offer further evi-

dence. While, as appellant asserts, there is testimony tending to show that to large a quantity of water had been awarded to appellees, there is, upon the other hand, testimony in behalf of appellees to sustain their claim to the full extent made. We cannot say that the decree was wrong, either as to the date of the priorities awarded to the appellees or as to the amount of their appropriation. The referee before whom the testimony was taken made findings which uphold the decree. His report was approved by the district judge, and we cannot, under our practice, and upon this record, set aside their judgment.

2. The argument of counsel for appellant that, even if the map and statement statutes are unconstitutional, nevertheless appropriators must substantially comply with their provisions before notice of their claim can be brought home to subsequent appropriators, is unsound. It would be an anomalous ruling to hold that rights which depend for their existence upon the provisions of a statute held to be unconstitutional, may nevertheless be enforced as against one whose rights are confessedly superior, if the statute is inapplicable.

3. The attempt upon the part of appellant upon this review to reopen the constitutional questions which we held upon the former appeal that its predecessor, the Amity Company, was not in a position to raise, must fail. We see no reason to change our views expressed in the former opinion upon this point. A further examination serves merely to strengthen our conviction that the alleged constitutional questions are not present, and if they ever could have been injected into the case, they were not seasonably interposed, and hence do not call for determination. For the foregoing reasons the judgment of the district court is affirmed. *Affirmed.*