[No. 4814.]

## BLAKE ET AL. v. BOYE ET AL.

1. **Water Rights—Easements—Constructive Notice—Bona Fide Purchasers.** '                 .

A verified ditch statement filed with the county clerk pursuant to Mills' Ann. Stats., §§ 2264-2265, setting forth data required by such statute, is not constructive notice to a bona fide purchaser of the land, over which such ditch was originally constructed, of the existence of a right of way for such ditch, for the reason that the statute under which the same was filed had been declared unconstitutional.—P. 59.              ·

2. **Water Rights—Quieting Title—Right of Way—Notice to Bona Fide Purchaser.**

In an action to quiet title to the right of way for an irrigation ditch, there being no evidence of the existence of such ditch at the time the defendants purchased the land, and they being without notice of the existence of such right of way, the action must fail.—P. 59.

3. **Water Rights—Rights of Way—Easements.**

A right of way for an irrigation ditch is an easement—a charge or burden upon the land of one for the benefit of another. —P. 62.

4. **Easements—Bona Fide Purchasers Without Notice—Relieved of Charge.**

A bona fide purchaser of land without knowledge or actual or constructive notice of the existence of an easement, takes title to the same relieved of the burden or charge of the easement.—P. 62.

*Appeal from the District Court of Weld County.*
*Hon. James E. Garrigues, Judge.*

Action by August C. Boye, Rebecca J. Eaton and Bruce G. Eaton, substituted for Benjamin H. Eaton, deceased, against Jane P. Blake and Richard L. Blake. From a judgment for plaintiffs, defendants appeal.                                *Reversed.*

Mr. CHARLES D. TODD, for appellants.

Mr. JAMES W. McCREERY, for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

The complaint averred that plaintiffs as co-tenants were the owners and in possession of a certain seepage, waste, flood-water and irrigation ditch known as the Eaton & McClellan ditch; that pursuant to § 1720 of the general statutes of this state (Mills' Ann. Stats., § 2265), a verified statement was filed in the office of the clerk of Weld county setting forth data required by the statute; that the work of construction was commenced October 13, 1886, was carried on with diligence and was completed throughout its whole length within two years; that plaintiffs and their predecessors continued in the use of said ditch and the waters collected thereby during each and every year since 1888; that defendants were the owners and in possession of a quarter section of land, over and across which the line of said ditch extended; that prior to the commencement of this suit defendants entered upon and into said ditch, placed dams and obstructions therein and diverted the water flowing in said ditch to and upon the defendant's land and have prevented, and are now preventing, the regular flow of water in said ditch, to the great injury and damage of plaintiffs.

A decree was prayed quieting the title of plaintiffs in the ditch, for an injunction to restrain defendants from interfering with the ditch and the waters flowing therein, and requiring them to remove therefrom the obstructions placed therein by them.

The answer denied the material averments of the complaint and affirmatively averred that, by reason of the failure of plaintiffs and their predecessors to construct said ditch and appropriate and use the water therein, if any there was subject to appropriation, all rights, if any they had, had been totally

lost, terminated and abandoned. Defendants further averred that they had been the owners of said land since 1891, and that, during all of that time, no ditch or ditches other than those by them constructed, had been constructed upon said land; that during the year 1898 the upper portion of said land began to be wet and seepy by reason of percolating waters, and that thereupon defendants constructed two ditches for the purpose of draining said land and to collect said percolating and seepage waters, and to carry and use the same for irrigation upon other portions of their land; that the ditches so constructed by defendants were the only ditches ever constructed upon said land, and that by virtue of the provisions of § 2269, Mills' Ann. Stats., the defendant, Jane P. Blake, being the owner of said land, has a prior right to such seepage and percolating waters.

A reply put in issue the affirmative allegations of the answer.

A trial to the court without a jury resulted in a judgment and decree in favor of plaintiffs.

It appears from the testimony that the head of the ditch, as described in the verified statement filed, was at a point near The Larimer & Weld Irrigation Company's canal; that the line of the ditch, as described, ran in a southeasterly direction from its head about $7\frac{1}{2}$ miles to a point at or near canal No. 2; that during the year 1886 the lower 5 miles of the ditch was constructed along the line designated in the verified statement; that the defendant's land lies above the section of the ditch constructed in 1886; that in 1887, in constructing the ditch along the described line over the $2\frac{1}{2}$ miles of the upper section, across the land now owned by defendant, Jane P. Blake, the work consisted of two days' labor of 4 men with 8 horses and a road or ditching plow; that two furrows only were run over the surface of the

land along the line described in the statement; that the ditch was constructed along a natural depression or water way.

It is admitted that no written grant or conveyance of right of way was made, and that no condemnation proceedings were ever had for acquisition of such right of way.

The present owner of the land acquired title thereto in 1898 from her husband, who bought the land of the original owner in 1892. From 1886 to 1892 the land was owned by and in the possession of a homesteader. This person and other witnesses testified, that the land covered by and included within the furrows plowed in the construction of the ditch was cultivated from year to year and every year and crops raised thereon; that during all of the years from 1886 to 1892 no attempt whatever was made by anyone to maintain the ditch, even as it had been constructed.

Similar testimony was adduced for the period of time from 1892 up to the commencement of this suit. Some ten or twelve witnesses testified that the land covered by the line of the ditch was cultivated, and that during the whole of this period there was no ditch across the premises along the line indicated by the statement filed.

The purchaser of the land in 1892 testified that at the time of his purchase there was no ditch across the land, and nothing to indicate that there ever had been a ditch.

The evidence clearly shows, and it is practically uncontradicted, that at the time defendant acquired title to the land all evidences of the existence of a ditch across the land had been wholly obliterated.

No witness on behalf of appellees testified to any work ever having been done upon the quarter section in controversy, along the line of this ditch, from the

year 1888 to the commencement of this suit, by any-
one in the interest of the owners of what is known as
the Eaton & McClellan ditch, and, excepting the year
1888, when there was an unusual flood, there is no
evidence in the record to prove that seepage, surface
or waste water was drawn from this land by the
Eaton & McClellan ditch, from the year 1888 to the
commencement of this suit.

It clearly appears from the record that defend-
ants took title to the land without notice of the exist-
ence of a right of way for this ditch, or that such
right of way had been granted.

The verified statement filed, hereinbefore re-
ferred to, which was introduced in evidence over the
objection of defendants, it is admitted was not evi-
dence of title to the right of way, and it cannot be
held to be constructive notice to the defendant of the
existence of such ditch, for the reason that the statute
under which the same was filed had been declared un-
constitutional.—*Lamar Co. v. Amity Co.*, 26 Colo.
370; *Great Plains Co. v. Lamar Co.*, 31 Colo. 96.

There being no evidence of the existence of a
ditch across the land at the time the defendants ac-
quired their title thereto, the defendants being with-
out notice of the existence of a right of way across the
land, this being an action to quiet title, we are of the
opinion that plaintiffs failed to prove such a case,
against the defendants, as would entitle them to the
relief sought, for which reason the judgment must be
reversed.                                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER
concur.

*On Rehearing.*

Mr. JUSTICE MAXWELL delivered the opinion of
the court:

The petition for rehearing proceeds upon the propositions:

1.   That the opinion decides the case upon the less important issue, the right of way to the ditch, rather than upon the more important issue, the appropriation of water.

The statement of facts in the original brief of appellees is:

"August C. Boye and Benjamin H. Eaton, appellees here, brought their action as plaintiffs in the district court of Weld county setting forth the location, construction and ownership of a certain ditch, several miles long, traversing a natural draw and flood water-way, which ditch, as it is alleged, had been constructed by themselves and their predecessors in interest, commencing such construction the 13th day of October, 1886.

"The plaintiffs set forth that, lately, prior to the beginning of the suit the defendants who now own certain lands crossed by a part of said ditch, had interfered with the operation of plaintiff's ditch and were setting up certain claims of title thereto; that the said interference constituted a trespass upon the rights of plaintiffs and that the claims asserted by defendants were without foundation, in fact or in law, whereupon plaintiffs below prayed that their title be quieted in and to the said ditch in question, and that the defendants below be enjoined from interference with said ditch or the operation thereof by the plaintiffs.

"The action is an action to quiet title, and for ancillary relief by injunction to guard and protect such quieted title, and to prevent interference with plaintiffs in the operation of their ditch and the conduct of their business dependent thereupon.

"The principal thing in the case is the determination and quieting of the title to the property, and

this being settled and determined, the injunctive relief follows as a matter of course.''

The appropriation of water is not mentioned in the foregoing.

The decree quiets title to a right of way about 3500 feet in length across appellants' land, ''of sufficient width to enable the owner to go upon said land and up and down said ditch for the purpose of maintaining, operating and repairing the same,'' and uses the expression ''right of way'' no less than eleven times.

Four-fifths of the evidence adduced at the trial pertained to the right of way. It seems to follow that the right of way was the principal issue tried and determined by the court below, and that at the time the decree was prepared and the statement of facts written by counsel, that the ''right of way'' was uppermost in his mind.

2. It is insisted that the opinion violates the well settled rule that, where there is conflict in the testimony, there being testimony in support of the findings of the lower court, this court is bound by such findings.

In our view, the opinion does not violate the above well settled rule.

In the last brief filed by counsel for appellees in support of the petition for a rehearing, the issues presented by the pleadings are thus stated:

''(a) The making of an appropriation from the draw in question.

''(b) The building of the ditch to the extent necessary to constitute a physical demonstration of the intent to take.

''(c) The acquisition of the right of way for such ditch in a lawful way and manner.

''(d) Also the affirmative issue tendered on the part of defendants that said defendants had them-

selves made an appropriation of the waters of the draw which was prior to the appropriation of the plaintiffs below, appellees here."

We may concede that all of the above issues were properly decided in favor of appellees, and still the decree cannot be sustained, for the reason that, while it may. be true that the right of way was acquired against appellants' remote grantor and an appropriation of the water then existing made, the existence of such rights cannot avail appellees as against appellants upon the record as here presented.

The waters appropriated by appellants in 1899 were not in existence, and hence not the subject of appropriation, in 1886, the date of the inception of appellees' alleged rights.

Such waters were caused by the construction of a reservoir at a period later than 1886, the seepage of the land from that and other sources, and the development thereof by the appellants upon their own land. The evidence is overwhelming and practically uncontradicted, to the effect that the land along the supposed line of the ditch and in the draw was cultivated every year for more than twelve years previous to the trial of the case. Appellants had no knowledge nor any notice, actual or constructive, of the existence of the easement claimed by appellees.

A right of way for an irrigation ditch is an easement. An easement is a charge or burden upon the land of one for the benefit of another. A bona fide purchaser of land without knowledge or actual or constructive notice of the existence of an easement, takes title to the same relieved of the burden or charge of the easement.

In *Tynon v. Despain,* 22 Colo. 240, cited by appellees, at page 250, it is said:

"It remains only to determine the rights, if any, of the defendant in this case. First it should be said

that he knew that this ditch was built across these lands which he was about to buy, and he knew it before he bought, and parted with his money.  Under the said acts of congress the grantees of the land, now owned by the defendant, took them subject, by operation of law, to the burden of the right of way for the ditch.  This easement under our laws, certainly is continuous, apparent and necessary.  The defendant therefore, took these lands with the same burdens, and, as to the easement of this right of way, his estate is to the same extent servient as it was in the hands of his grantors."

The converse of the above proposition is true. The appellants here took lands without knowledge or notice of the easement of the right of way.  Their estate, therefore, is not servient to the extent that it was in the hands of their grantor.

In the view taken, it is immaterial whether the right of way was acquired before or after the entry of the land by the remote grantor of appellants.

The judgment will be reversed.     *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.