No. 19,163.

STELLA RIVERA AND TOBIAS RIVERA v. PEARL QUEREE.
(358 P. [2d] 40)

Decided December 19, 1960.    Rehearing denied January 9, 1961.

Mr. CHARLES S. VIGIL, for plaintiffs in error.

Messrs. WOOD, RIS & HAMES, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

PLAINTIFFS in error were defendants below and will be referred to herein as Riveras; defendant in error was plaintiff and will be referred to as Queree.

Queree owns Lot 4, Block 29, Hager's Addition to Highland, City and County of Denver, State of Colorado, in fee simple. She had lived on the premises for 68 years up to the date of trial. Riveras own Lots 26 and 27, Resubdivision of Lots 19 to 24, inclusive, of Block 29, Hager's Addition, which they purchased in 1956. The rear of Queree's property is opposite a portion of Riveras' property, the two parcels of land being separated by a ten-foot alley. This action concerns an alleged right-of-way by prescription claimed by Queree over 4½ feet of the rear of Riveras' lots.

Queree's complaint alleged that she had been in possession of the disputed 4½ feet for more than eighteen

years and that her use had been adverse, open, notorious and visible. She then alleged that on or about April 25, 1958, Riveras commenced the construction of a certain chain link fence at or near the rear of their property, and, despite her protestation, it was completed; that this fence deprives Queree, her agents, invitees, guests, trash collectors, garbage collectors and tradesmen from using the alleyway for ingress and egress to her property. The evidence discloses that with the Riveras' new fence in its present location, Queree cannot now enter her garage which she had used since 1919, because of the narrow alleyway now remaining.

The Riveras purchased their property after making a visual inspection of it, at which time there was a wooden fence marking the edge of the easement claimed by Queree. They had no survey made before purchasing. After going into possession they secured a survey, and removed the wooden fence to erect the chain link fence. In the meantime they had observed the old alley width to be in use, but not by Queree.

The complaint also alleged damages and a wilful and wanton disregard of Queree's rights. She sought to quiet title to the area in question, a permanent and a mandatory injunction, and actual damages in the amount of $6500.00 plus $5000.00 exemplary damages.

The answer denied the adverse possession, urging in addition that if any use had been made, it was permissive, or, if adverse, that the use had been abandoned.

Following trial the matter was taken under advisement by the court and a written decree entered granting a mandatory injunction and entering judgment in favor of Queree. The court also granted Queree a permanent easement over the north 4½ feet in question and awarded $25.00 actual damages, together with costs. Motion for a new trial was dispensed with and Riveras are here by writ of error seeking a reversal.

Riveras urge here that the use claimed was not always a day to day use; that Queree did not live on the

disputed area, and that in holding that a right by prescription could arise without such proof, the trial court erred.

As to the degree and type of use, there is no rule of law requiring that to secure a right-of-way by prescription one must be in continuous possession in the sense that claimant must physically possess it every moment of every day. The right that matures, and the one here claimed, is the right to passage whenever desired, arising from continued, open and adverse use for the statutory period. It is an appurtenance in law. The evidence here supports the court's finding and judgment in this respect.

Riveras then urge that their warranty deed gave them title up to the alley. Nevertheless they took subject to the rights in possession or use of others with which it was burdened, including that of Queree.

It is also urged as error that the trial court did not order Riveras' grantors to be made parties. This claim is without merit. They were not indispensable parties to a determination of this dispute. See Rule 19, R.C.P. Colo. Moreover, as Queree points out, the point is urged for the first time on writ of error. Not having been presented to the trial court, it cannot be considered here.

Riveras next urge that the description of the area claimed was defective because indefinite, and thus could not be the proper object of a court decree. We conclude that the finding of the trial court was correct in this regard. It is true, as Riveras urge, that before an easement can be decreed that the area involved must be subject to reasonable determination. In this case it was so defined.

The evidence disclosed that after Queree's use had ripened into a valid easement she kept this residence as her legal domicile, in custody of a housekeeper, and spent part of each year after 1956 out of the state. It is argued that this constituted an abandonment. There is

no validity to this contention. To establish abandonment Riveras would have to show affirmative acts constituting an intention by Queree to abandon. The applicable rule is well stated in *Hoff v. Girdler Corp.* (1939), 104 Colo. 56, 88 P. (2d) 100, as follows:

"The question of an intent to abandon is one of fact. The burden of showing abandonment is upon the party who relies thereon, and he must establish it by clear, unequivocal and decisive evidence. * * * If any underlying principle can be said to be common to the factual consideration of cases involving abandonment, it is to the effect that the abandonment must be accomplished by the voluntary act of the lessee, decisive of a relinquishment of the right to be abandoned and inconsistent with future ownership or control thereof. 1 C.J.S., p. 9, §3b (1)."

Also see 17A Am. Jur. 780, §173.

The record here discloses evidence sufficient to refute the allegation of abandonment. The findings of the trial court are amply supported by the evidence and the judgment based thereon is affirmed.

Mr. Justice Knauss and Mr. Justice Day concur.