No. 24509.

JAMES G. GLEASON AND BETTY L. GLEASON *v.* W. E. PHILLIPS, BARBARA PHILLIPS, JEFF PHILLIPS, AND CARL LOMBARDI.

(470 P.2d 46)

Decided June 1, 1970.    Rehearing denied June 29, 1970.

Thomas C. Singer, for plaintiffs in error.

No appearance for defendants in error.

68

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

James and Betty Gleason, hereinafter referred to as the plaintiffs, brought an action against William Phillips, Barbara Phillips, Jeff Phillips, and Carl Lombardi, hereinafter referred to as the defendants or by name, charging them with recurring trespasses on the plaintiffs' property and seeking relief in the form of an injunction and damages. The defendant answered denying acts of trespass and counterclaimed that the defendants had acquired a right-of-way by prescription over a portion of the plaintiffs' property shared as a common driveway. At trial the judge denied the plaintiffs' claims for relief and entered judgment recognizing an easement held by the defendants over a six-foot strip of the plaintiffs' property for the purpose of entering and exiting from their garage.

The plaintiffs raise three contentions of error. (1) There is insufficient evidence to support the finding by the trial judge that the defendants had established their right to an easement by prescription. (2) The judge erred by not finding that the plaintiffs' survey of the property line was the correct boundary between the properties. (3) The judgment of the court is too indefinite to be enforced. We do not agree, and we affirm the decision of the trial court.

I.

The determination of this case once again rests on the application of the familiar rule that we will not disturb a judgment made by a trier of the facts which is based on competent evidence in the record. In evaluating the record in such a case we look at the evidence in the light most favorable to the prevailing party. Viewed in that light, we find the evidence in this case as hereinafter recited.

The controversy in this case involves two contiguous

lots in Wah Keeney Park, Evergreen, Colorado: lot 41, now owned by the Gleasons, and lot 49, now owned by the Phillipses. Carl Lombardi testified that he purchased lot 49 in 1940 and in the same year built a driveway to provide access to the property. He built a cabin and garage on the lot in 1941. He could not properly use his garage and driveway without passing over a portion of lot 41. It is implicit in his testimony that the driveway, as constructed in 1940, passed over some portion of lot 41.

Lombardi used the cabin and the garage intermittently from 1941 until 1968, going there, as he put it, whenever he felt like it and parking his car in the garage. The only exception was a five-year period sometime between 1954 and 1964 when he lived in the cabin the year around. In 1968 he contracted to sell lot 49 to his granddaughter and her husband, Barbara and William Phillips.

Photographs introduced as exhibits during the trial show that the area found by the trial court to be subject to a prescriptive easement consists entirely of portions of a driveway leading from the properties to a public roadway. Both William and Barbara Phillips testified that during their occupancy of lot 49, it has been necessary to use a portion of the driveway located on lot 41 in order to exit and enter their property, especially in bad weather. William testified that he ordinarily used about eight feet of the plaintiffs' property for ingress and egress.

The plaintiffs purchased lot 41 some fifteen years before the trial date and have lived on the property for the last ten years. Relations between the plaintiffs and the defendants began to deteriorate in 1964 when the parties began to disagree over the location of the boundary line between the two properties. Several surveys of the boundary were made at the plaintiffs' request, and stakes placed in the driveway to mark the boundary were removed by some of the defendants when the stakes interferred with their access to the public road.

The plaintiffs argue that there is insufficient evi-

dence that use of the plaintiffs' land as a right-of-way by the defendants has been open, notorious, continuous, and adverse for a period of eighteen years so as to give rise to an easement by prescription.

As we have pointed out, the trial court had before it evidence that the driveway was constructed by Lombardi partly on the property now owned by the plaintiffs, and that the driveway has been used by the defendants since 1941. This evidence is sufficient to establish that the use by the defendants has been open and notorious for the requisite amount of time.

The plaintiffs make the argument that there is no evidence that the use of their land has been continuous since Lombardi, by his own testimony, used the cabin only periodically from 1941 until 1968.

In so arguing, the plaintiffs have confused the requirement of continuous use with the degree and type of use claimed by the defendants. As this Court noted in *Rivera v. Queree*, 145 Colo. 146, 358 P.2d 40, the requirement of continuous possession in order to establish a right-of-way by prescription does not mean that the claimant must physically possess it every moment of the day. The nature of the right claimed is the right to passage whenever passage is desired. It is this right which must be continuously asserted for a period of eighteen years.

In the present case, there is no evidence of any lapse in the position taken by the defendants that they have a right to passage over the lot owned by the plaintiffs. In light of the record before us, it can only be concluded that the claim of the defendants has been continuous since 1940.

The plaintiffs further argue that there is insufficient evidence of the adverse nature of the defendants' claim to support the judgment of the trial court. We do not agree.

This Court has held that when a claimant has been in possession of the easement for more than eighteen

years, there is a presumption that his holding was adverse. *Trueblood v. Pierce*, 116 Colo. 221, 179 P.2d 671; *Allen v. First Nat. Bank of Arvada*, 120 Colo. 275, 208 P.2d 935; *Martino v. Fleener*, 148 Colo. 136, 365 P.2d 247. The evidence in this case is sufficient to establish that the defendants have been in open, notorious, and continuous possession of the easement since 1940, and it must be presumed that the possession was adverse. There was no evidence presented by the plaintiffs which could be interpreted as overcoming the presumption of adversity. Instead, testimony given by Lombardi indicates that he did not seek or obtain the consent of the plaintiffs' predecessor in title at the time he constructed the driveway, and that he has always believed that the plaintiffs have no right in the driveway since it was built to provide access to lots other than lot 41.

## II.

The trial judge found that the location of the property line was a matter stipulated to by the parties and was not a matter in dispute. While the survey conducted by the defendants disagreed by some small amount with the survey of the plaintiffs, the defendants stipulated that the plaintiffs' surveys, which were made exhibits in the case, represented the true boundary of the two properties.

Of course, the finding of an easement in favor of the defendants required that the claim of recurring trespasses made by the plaintiffs be rejected. It was proper for the judge to order that the six-foot right-of-way acquired by the defendants over the plaintiffs' property should not be blocked by any of the parties so as to deny the other parties access to their property.

## III.

Finally, the plaintiffs argue that the order of the judge is too indefinite to be enforced. They point out that the judge does not specify in his order how long the six-foot strip is to be and along what boundary of the plaintiffs' land it lies. We can see no merit in the argument.

It is clear from the plaintiffs' Exhibit B that the six-foot right-of-way ordered by the court exists for the full length of the southern boundary of the plaintiffs' land bisecting the driveway.

The judgment is affirmed.