The AGRICULTURAL DITCH AND
RESERVOIR CO.,
Plaintiff-Appellant,

v.

Kevin L. GLEASON, Mary V. Gleason, Lowell Hutson, Mary F. Hutson, Chris L. Nelson and Linda J. Nelson, Defendants-Appellees.

No. 81CA1098.

Colorado Court of Appeals,
Div. I.

Feb. 16, 1984.

As Modified on Denial of Rehearing
March 22, 1984.

Certiorari Granted July 2, 1984.

Cockrell, Quinn & Creighton, Victor Quinn, Peter J. Wiebe, Jr., Denver, for plaintiff-appellant.

Sweeney, Ross & Deuben, P.C., William G. Ross, David C. Deuben, Lakewood, for defendants-appellees.

BERMAN, Judge.

Plaintiff, Agricultural Ditch and Reservoir Company, commenced this action against defendants in order to quiet title to certain property. Plaintiff company asserts that it acquired in "limited fee," through an 1876 condemnation proceeding, a piece of land (Parcel A) 40 feet wide, consisting of two strips 20 feet wide along each side of the centerline of a ditch. Plaintiff also claims a prescriptive easement on an additional strip of land (Parcel B), running adjacent to and abutting Parcel A for an additional 5 to 10 feet,[1] which land plaintiff has regularly used as an access road for cleaning, maintaining, and inspecting the ditch. Plaintiff further seeks injunctive relief to prevent defendants from interfering with plaintiff's use of both pieces of property.

The trial court held that plaintiff has only an easement over Parcel A and no

---

1. The exact descriptions of Parcel A and Parcel B are set forth in Exhibits A and B of plaintiff's complaint, to which the trial court findings make reference.

legal interest whatsoever in Parcel B. We reverse.

## I.

Plaintiff's first argument is that the trial court erred in ruling that plaintiff had only an easement over, as opposed to a limited fee in, Parcel A. We agree.

Plaintiff acquired its right to Parcel A by virtue of condemnation proceedings in January of 1876 (Civil Action No. 241, County Court, Jefferson County, Territory of Colorado). Plaintiff has, since 1876, continuously used Parcel A as a ditch for various purposes, including that of supplying water to several thousand residential customers.

At the outset, we note that there is a great deal of confusion among, not only the litigants herein, but also our predecessors on this Court, as to when various condemnation statutes were enacted in Colorado and, therefore, as to which statute was in effect at the time of the 1876 condemnation proceeding at issue herein. We note, first, that, although the Territorial Session Laws of 1868, Chapter XVIII, § 48, which deals with condemnation proceedings, was amended in 1872 in order to expand its applicability to all corporations or bodies politic, *see Territorial Session Laws of 1872*, at 67, the substantive provisions of the 1868 condemnation statute were not significantly modified until March 1, 1876—several months after the condemnation proceeding at issue herein had occurred.

Second, as far as is concerned our predecessors' statement in *Lithgow v. Pearson*, 25 Colo.App. 70, 135 P. 759 (1913), at 76, that § 2420 of the condemnation statute (from which plaintiff quotes extensively) "was passed in 1872," we can hope, only in the future, to heed the admonition of the economist J. Maynard Keynes: "It's a good thing to make mistakes so long as you're found out quickly." That is, although, unfortunately, it has taken some 70 years, we have discovered that, contrary to plaintiff's contention, § 2420 was passed in the year 1877, rather than in 1872. *See Revised Statutes of Colorado of 1908*, Ch. 45 § 2420 (G.L.1877, § 1063 at 691).

■ Hence, the territorial statute in effect at the time of the 1876 condemnation proceeding and which is, therefore, relevant to the determination of plaintiff's rights in Parcel A, is Territorial Session Laws of 1868, Ch. XVIII § 48 at 132. It provides that a condemnor:

"corporation *shall become seized in fee*, or shall have the exclusive right, title and possession of all such land, real estate, or claims described in said rule, as required to be taken as aforesaid, during the continuance of the corporation, and may take possession of and hold and use the same for the purposes of said road, railroad, ditch, telegraph or flume ...." (emphasis supplied)

Under this statute, we hold that plaintiff was seized in limited fee of Parcel A. That is, plaintiff is entitled to the exclusive right, title, and possession of Parcel A, as required for the construction, operation, and maintenance of the ditch thereon, subject to defeasance if plaintiff ceases to use such land for the purpose contemplated by our Constitution and the rule rendered in its favor. *See Lithgow v. Pearson, supra.*

■ The fact that the probate court, in its rule emanating from the condemnation proceeding of 1876, stated:

"That said company takes therefrom for a *right-of-way* for said ditch a strip of land ...." (emphasis supplied)

does not dissuade us from concluding that plaintiff took a limited fee in Parcel A. For, as the court in *McCotter v. Barnes*, 247 N.C. 480, 101 S.E.2d 330 (1958) so ably stated:

"It is a matter of common knowledge that the strip of land over which railroad tracks run is often referred to as the 'right-of-way,' with the term being employed as merely descriptive of the *purpose* for which the property is used, without reference to the *quality* of the estate or interest the railroad company may have in the strip of land." (emphasis added)

Thus, as was clearly illustrated in *Lithgow v. Pearson, supra*, it is quite appropriate to grant a fee title in the "right-of-way."

*Blake v. Boye*, 38 Colo. 55, 88 P. 470 (1907), upon which the trial court relied extensively for the proposition that the interest plaintiff acquired in the 1876 condemnation action could amount to no more than an easement, is inapposite. In that case "no condemnation proceedings were ever had for acquisition of such right-of-way." *Blake v. Boye, supra.* Hence, it has no applicability here where the interest was acquired in a condemnation proceeding conducted pursuant to statute. Inasmuch as here, in contrast to *Blake v. Boye, supra*, there was a condemnation proceeding, the law compels our conclusion that the right-of-way, as acquired in this case, is a limited fee. *Territorial Session Laws of 1868*, Ch. XVIII § 48; *Lithgow v. Pearson, supra.*

In addition, *Smith Canal or Ditch Co. v. Colo. Ice & Storage Co.*, 34 Colo. 485, 82 P. 940 (1905), relied upon by defendants, does not compel a different result from the one we reach herein by applying *Lithgow, supra.* In *Smith Canal*, our Supreme Court limited the taking pursuant to the condemnation proceeding to the most restrictive taking which would be required in order to allow the condemning entity its use of the property involved. However, in *Smith Canal*, the petitioner asked only for a right-of-way, rather than for a fee interest of any type as plaintiff here claims.

Furthermore, the statute applied in *Lithgow* differed in no material way from the statute applied in *Smith Canal.* Both stated that the petitioner "shall become seized *in fee.*" The fact that *Lithgow* dealt with a railroad right-of-way or limited fee question rather than a ditch right-of-way is irrelevant since the applicable condemnation statute, cited herein, applies equally to both railroads and ditches.

## II.

Plaintiff's second contention is that the trial court erred in concluding that plaintiff had failed to acquire a prescriptive easement over Parcel B. Again, we agree.

██ Easements may be created by prescription. *Wright v. Horse Creek Ranches*, 659 P.2d 705 (Colo.App.1982). The prerequisites to acquisition of a prescriptive easement are continuous, open, and adverse possession of the right-of-way for the statutory period of 18 years. *Rivera v. Queree*, 145 Colo. 146, 358 P.2d 40 (1960).

Here, the trial court held that plaintiff failed to establish that its use of Parcel B complied with the third element of adversity. The trial court based its conclusion on two factual findings: (1) that Plaintiff's use of Parcel B was consistent with its interest in and use of Parcel A, and (2) that Plaintiff's possession of Parcel B was not exclusive in that joggers, walkers, and horseback riders also used Parcel B from time to time.

██ While we are bound by the above factual findings, *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979), we hold that the legal conclusions which the trial court drew from those facts are erroneous for three reasons. First, the trial court's conclusion of law as to plaintiff's right in Parcel B is a nonsequitur. As the trial court noted possession consistent with the real owner's title is not regarded as adverse. However, merely because plaintiff's use of Parcel B was consistent with plaintiff's title in Parcel A (that is, plaintiff used Parcel B to clean, maintain, and inspect the ditch on Parcel A), it does not follow that plaintiff's use of Parcel B was consistent with the real owner's (defendants herein) title to Parcel B.

██ Second, the trial court's reliance upon *Lovejoy v. School District No. 46*, 129 Colo. 306, 269 P.2d 1067 (1954), for the proposition that a claimant must exclusively "possess" the area subject to the easement in order to acquire a prescription easement, is misplaced. *Lovejoy* concerns acquisition of fee title by adverse possession, rather than acquisition of a prescriptive easement. However, "there is no rule of law requiring that to secure a right-of-way by prescription one must be in continuous *possession* ...." *Rivera v. Queree, supra* (emphasis supplied). Rather all that

is required to establish a prescriptive easement is a showing of "continued, open, and adverse *use* for the statutory period." *Rivera v. Queree, supra* (emphasis supplied).

■ Nor is non-stop, continuous use required in order to establish a prescriptive easement. The claimant need not possess a right-of-way every moment of every day in order to establish a prescriptive easement. Rather, the nature of the right claimed is the right of passage whenever passage is desired which must be continuously asserted for an 18-year period. *Gleason v. Phillips*, 172 Colo. 66, 470 P.2d 46 (1970). Continuity of use depends on the nature and character of the right claimed, and such acts need not be constant daily or weekly, so long as there is no evidence that the plaintiff ever intended not to use the land when the need arose. *Shellow v. Hagen*, 9 Wis.2d 506, 101 N.W.2d 694 (1960).

■ Here, the trial court found that: "Plaintiff's employees' use of the road along side the ditch was infrequent, but it was used whenever work on the ditch had to be done ...." In light of this finding, the trial court could have ruled plaintiff ineligible to claim a *fee title* in Parcel B because of plaintiff's failure to show exclusive possession of the land, but the trial court was not justified in precluding plaintiff from claiming an *easement* over Parcel B merely because of plaintiff's failure daily or even weekly actually to use the land, so long as plaintiff always intended to use the land and did use the land when the need for cleaning, maintaining, or inspecting the ditch arose. *Shellow v. Hagen, supra.*

■ Third, the use of Parcel B by joggers, walkers, and horseback riders, referred to by the trial court, did not occur until long after plaintiff had acquired its prescriptive easement over Parcel B and it is, therefore, irrelevant to plaintiff's claim. The trial court's findings and the undisputed evidence established that the 18-year period of use by plaintiff had expired long before defendants entered the area and before any use by horseback riders or jog-

gers began. Indeed, one of the witnesses at trial testified to plaintiff's use of Parcel B as early as 1918 when he was employed by plaintiff. Aerial photos established the existence of the maintenance road as early as 1937. Therefore, plaintiff acquired its prescriptive easement in Parcel B sometime between 1936 and 1955.

■ Since defendants herein make no claim of their own of adverse use of Parcel B for an 18-year period, but rather base their claims to Parcel B upon conveyances only, the prescriptive easement in Parcel B which vested in plaintiff decades ago has not been defeated. For when a claimant has been in possession of an easement for more than 18 years, there is a presumption that this holding was adverse. *Gleason v. Phillips, supra.*

■ Inasmuch as the trial court here found, "horses, carts, Model T's, caterpillar tractors, graders, bulldozers, dump trucks, and pickup trucks" were used by plaintiff on Parcel B, it would be unreasonable to conclude, despite the apparent silence of defendants, that plaintiff's use of Parcel B was anything other than open, notorious, and unconcealed. An easement may be acquired through the acquiescence or silence of a property owner. *Upper Eagle Valley Sanitation District v. Carnie*, 634 P.2d 1008 (Colo.App.1981).

In short, despite anything which may have occurred within the past five years, we hold, as did our Supreme Court in *Trueblood v. Pierce*, 116 Colo. 221, 179 P.2d 671 (1947) that:

"Plaintiffs and their predecessors in title have been in possession of the easement for more than 18 years; there is, as a result thereof, a presumption that their holding was adverse.... [C]onsequently, it was incumbent upon defendants to overcome this presumption, and this they did not attempt to do. The presumption being that plaintiffs' possession was adverse, the uncontradicted evidence is that plaintiffs and their predecessors in title were in open, notorious and visible use and occupation of the easement under a claimed right thereto for more than 18

years, and as a result thereof fully established their right to the easement by prescription."

Accordingly, the judgment of the trial court is reversed and the cause is remanded for entry of judgment awarding plaintiff limited fee title to Parcel A, as required for the construction, operation, and maintenance of the ditch thereon, subject to defeasance if plaintiff ceases to use such land for these purposes contemplated by our Constitution and the rule rendered in its favor, and an easement on Parcel B for purposes of maintaining its ditch located on Parcel A.

PIERCE and METZGER, JJ., concur.