Robert J. IRVIN, d/b/a Wind River Ranch, Billy Nelson Adams and Peggy Wood Adams, d/b/a Aspen Lodge, Joel F. Kleeves and Jean Ann Kleeves, d/b/a Double JK Ranch, RJA, Inc., d/b/a Longs Peak Inn, and Cheley Colorado Camps, Inc., Plaintiffs-Appellants,

v.

Vance D. BRAND, a/k/a Vance Devoe Brand, and all unknown persons who may have interest in the matter of this action, Defendants-Appellees.

No. 81CA0912.

Colorado Court of Appeals,
Div. III.

July 26, 1984.

Rehearing Denied Aug. 23, 1984.

Certiorari Denied Nov. 5, 1984.

Randolph W. Starr, P.C., Randolph W. Starr, Stanley T. Matsunaka, Loveland, for plaintiffs-appellants.

Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, Timothy E. Young, Denver, for defendants-appellees.

KELLY, Judge.

The plaintiffs brought this action in August 1980, claiming an easement by prescription over portions of land owned by defendant Brand. The trial court ruled that the plaintiffs had failed to establish that their use of the land was hostile to Brand's rights, since the original use was permissive. It therefore quieted title in Brand. The plaintiffs argue that Brand did not prove that the original use was permissive and that a presumption of adverse

possession arose from the plaintiffs' use of the land for longer than the prescriptive statutory period. We agree, and therefore, we reverse.

The plaintiffs and the defendant owned land near Rocky Mountain National Park, and the plaintiffs operate guest facilities which use trails on their land, on Brand's land, and in the park for trail rides on horseback. Plaintiffs' evidence showed that they and their predecessors in interest had used these trails for over forty years when, in 1978, Brand placed barricades across the trails on the border of his property.

The trial court found that Brand's land was once within the boundaries of Rocky Mountain National Park at a time when the trails were being used by private landowners. It further found that the federal government owned the land within the park and that use of the trails therein was a permissive use. Finding that plaintiffs' evidence failed to show a change from permissive use to hostile use, the trial court concluded that the plaintiffs had failed to sustain their burden of proving adverse possession.

The plaintiffs argue that the evidence was insufficient to support the trial court's finding that Brand's land had once been owned by the United States and that use of the lands encompassed within the park was permissive. They contend that, absent sufficient evidence of permissive use, they have established their claim to a prescriptive easement by adverse possession. We agree.

Applicable here is the ruling stated in *Trueblood v. Pierce,* 116 Colo. 221, 179 P.2d 671 (1947), recently quoted in *Agricultural Ditch & Reservoir Co. v. Gleason,* 686 P.2d 802 (Colo.App.1984) (*cert. granted on other grounds* July 2, 1984):

"Plaintiffs and their predecessors in title have been in possession of the easement for more than 18 years; there is, as a result thereof, a presumption that their holding was adverse.... [C]onsequently, it was incumbent upon defendants to overcome this presumption, and this they did not attempt to do. The presumption being that plaintiffs' possession was adverse, the uncontradicted evidence is that plaintiffs and their predecessors in title were in open, notorious and visible use and occupation of the easement under a claimed right thereto for more than 18 years, and as a result thereof fully established their right to the easement by prescription."

Here, it is uncontroverted that Brand's land was within the boundaries of the Rocky Mountain National Park from 1915 to 1926, but there is no evidence that this portion of land was ever owned by the United States. While several witnesses testified that they had used the trails on the assumption that they had permission to do so, there is no evidence that they did in fact have such permission. Further, there is no evidence that the inclusion of the property at issue within the boundaries of the park is relevant to the issue of permissive use. Hence, the rule of *Trueblood v. Pierce, supra,* is dispositive.

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment granting the plaintiffs an easement by prescription across the subject land, with such judgment to include a description of the course and width of the easement. *See Brown v. McDavid,* 676 P.2d 714 (Colo.App.1983); *Wright v. Horse Creek Ranches,* 659 P.2d 705 (Colo.App.1982).

BERMAN and TURSI, JJ., concur.