Bennett A. AUSLAENDER,
Plaintiff-Appellant,

v.

Elizabeth K. MacMILLAN,
Defendant-Appellee.

No. 83CA0250.

Colorado Court of Appeals,
Div. III.

Dec. 27, 1984.
Rehearing Denied Jan. 17, 1985.

Matassa, Dean & Sampson, Carolyn L. Sampson, Wheatridge, for plaintiff-appellant.

Dietze, Davis & Porter, Peter C. Dietze, Boulder, for defendant-appellee.

METZGER, Judge.

Plaintiff, Bennett A. Auslaender, appeals from that portion of a quiet title decree finding that a prescriptive easement for ingress and egress was acquired across his property by defendant, Elizabeth K. MacMillan. We affirm, and remand with directions.

The undisputed facts are as follows: The State Highway Commission abandoned a section of the old U.S. Highway 285 in Jefferson County on November 19, 1958. Since the Board of County Commissioners did not elect to adopt any portion as a county road, the abandoned section reverted to the adjoining landowners. Section 43–2–106, C.R.S. (1978 Repl.Vol. 17). Auslaender acquired the southerly half of the road by quitclaim deed from his predecessor in title in November 1978. MacMillan owns property on the east end of the old road.

The county snowplowed the road until October 1976 without objection. At that time Auslaender erected a fence down the middle of the road restricting travel to its southerly half, which crossed Auslaender's property. On November 16, 1978, Auslaender began a quiet title action concerning the southerly half of the road. MacMillan, with others, answered, seeking a determination that they were entitled to a prescriptive easement for ingress and egress.

In January 1979, Auslaender put up a locked gate and fence across the road adjacent to MacMillan's property to prevent any travel. MacMillan thereafter obtained a temporary restraining order forcing Auslaender to remove the gate until disposition of the quiet title action. The trial court granted a decree of quiet title to Auslaender, reserving the prescriptive easement issue for trial.

At trial, the court found that MacMillan and her predecessors in title had made continuous, open, and notorious use of the road for more than 18 years, without seeking or obtaining permission from the property owners including Auslaender. Hence, it concluded that MacMillan was entitled to a prescriptive easement for ingress and egress using the southerly half of the road.

Auslaender contends that, because the trial court failed to state which standard of proof it applied, we must presume that it erroneously applied the usual civil standard of preponderance of the evidence, rather than the clear and convincing evidence standard. We disagree.

Notwithstanding the provisions of § 13–25–127(1), C.R.S., the clear and convincing standard of proof applies in cases involving adverse possession, and thus, by inference, in cases involving prescriptive easements. *See Raftopoulos v. Monger,* 656 P.2d 1308 (Colo.1983). *See also Allen v. First National Bank of Arvada,* 120 Colo. 275, 208 P.2d 935 (1949). The judgment of a trial court is presumed to be correct, and a litigant suffering an adverse judgment has the burden of overcoming this presumption. *Laessig v. May D & F,* 157 Colo. 260, 402 P.2d 183 (1965). Auslaender has cited no authority in support of this contention, nor does the record support him, and, consequently, he has failed to meet his burden.

Auslaender next asserts that MacMillan failed to prove adverse use. We disagree.

"Upon a showing by the claimant that the road has been used in an open, notorious and continuous manner by the claimant for the prescriptive period, it is presumed that such use is adverse, placing upon the owner the burden of coming forward with evidence to rebut the presumption."

*Trueblood v. Pierce,* 116 Colo. 221, 179 P.2d 671 (1947); *see also Gleason v. Phillips,* 172 Colo. 66, 470 P.2d 46 (1970). Adverse intent is to be determined by reasonable deductions from the acts as well as declarations of the parties involved. *Vade v. Sickler,* 118 Colo. 236, 195 P.2d 390 (1948).

■ The claim of right to use need not be made by a hostile or antagonistic act. Rather, an easement may be acquired through the acquiescence or silence of a property owner. *Upper Eagle Valley Sanitation District v. Carnie,* 634 P.2d 1008 (Colo.App.1981).

■ The record indicates that Auslaender and his predecessor in title were fully aware that MacMillan and her predecessor in title used the road continuously and openly from 1958 on. The evidence is uncontradicted that no permission was ever sought or obtained for this use. No one took any action at any time to curtail that use until Auslaender filed this action in 1978. Such inaction constitutes acquiescence.

Auslaender's other contentions concern the sufficiency of the evidence underlying the trial court's findings. We have reviewed the record, conclude that it supports the trial court's determinations, and, thus, will not disturb them on appeal. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

■ We do agree that a description of the easement should have been included in the judgment. *See DeReus v. Peck,* 114 Colo. 107, 162 P.2d 404 (1945).

Therefore, the cause is remanded to the trial court for a determination of the legal description of the easement and amendment of its judgment accordingly. In all other respects, the judgment is affirmed.

KELLY and TURSI, JJ., concur.