**Lowell HUTSON, Mary F. Hutson, Chris L. Nelson and Linda J. Nelson, Petitioners,**

v.

**The AGRICULTURAL DITCH & RESERVOIR CO., Respondent.**

No. 84SC143.

Supreme Court of Colorado,
En Banc.

July 7, 1986.

Rehearing Denied Aug. 25, 1986.

Eiberger, Stacy & Smith, Carl F. Eiberger and Paul F. Hodapp, Denver, for petitioners.

Cockrell, Quinn & Creighton, Victor Quinn and Peter J. Wiebe, Jr., Denver, for respondent.

ERICKSON, Justice.

We granted certiorari in *Agricultural Ditch & Reservoir Co. v. Gleason,* 686 P.2d 802 (Colo.App.1984), to determine whether an interest in a forty-foot strip of land acquired in a condemnation proceeding in 1876 was a "limited fee" or an easement. The court of appeals held in *Gleason* that the condemnation decree awarded the Agricultural Ditch & Reservoir Company (Ditch Company) limited fee title to the property. We conclude that the decree vested the Ditch Company with an easement and not with a limited fee. We reverse that portion of the judgment of the court of appeals which interpreted the 1876 decree and remand the case to the court of appeals with directions to reinstate the order of the district court on that issue.

I.

Plaintiff-respondent, the Ditch Company, owns and operates the Agricultural Ditch (Ditch) in Jefferson County. The Ditch Company brought a quiet title action in Jefferson County District Court against the defendants-petitioners, Lowell and Mary Hutson and Chris and Linda Nelson [1] (Homeowners), owners of property along the north bank of the Ditch.[2] The complaint alleged that the Ditch Company is the owner in fee simple of a forty-foot strip of property extending twenty feet onto

---

1. After we granted certiorari, Kevin and Mary Gleason, defendants-petitioners, filed a "Motion for Judgment for the Plaintiff." On September 12, 1985, we granted the motion and ordered that the Gleasons could withdraw from the action.

2. The property in issue is located in the "Echo Hills Ranchettes," a subdivision of a portion of the S.E. ¼ of the S.E. ¼ of Section 25, Township 3 South, Range 70 West of the 6th P.M.

both banks from the centerline of the Ditch. The strip is used periodically as an access road for inspection and maintenance purposes. The Ditch Company sought a determination of its claim to the land as against the claims of the Homeowners. The Ditch Company also alleged that the Homeowners maintain fences and have planted trees that obstruct the property. The Ditch Company sought an order enjoining the Homeowners from interfering with their fee interest.[3] The Homeowners' answer denied that their ownership interests were without foundation or adverse to the rights of the Ditch Company.

The Ditch Company acquired its interest in a condemnation action in Jefferson County Probate Court in January 1876. The very limited record here does not contain the decree. The only document evidencing the terms of the decree is the report of the appraisers appointed by the probate court during the 1876 proceedings to determine the value of the condemned property. The appraisers' report stated: "That said Company takes therefrom for a right of way for said Ditch a strip of land forty feet wide and about one hundred and sixty rods in length containing about Two and one half acres."

After a trial to the court, the Jefferson County District Court issued its "Findings, Conclusions, and Orders" on July 15, 1981, and ruled that the Ditch Company has an easement to use the property to operate the Ditch. The court rejected the Ditch Company's additional claim to a prescriptive easement in a separate strip of property adjacent to the forty-foot strip.

The court of appeals reversed. *Gleason,* 686 P.2d at 802. The court of appeals, applying the condemnation statute in effect in January 1876, Ch. XVIII, § 48, Rev.Stat. of Colo. (1868), held that the Ditch Company owns the property in "limited fee" to

the extent required to operate and maintain the Ditch, subject to defeasance if the Ditch ceases operation. The court of appeals also reversed the district court's order denying the prescriptive easement.

We granted certiorari to review only the court of appeals' holding that the 1876 decree vested the Ditch Company with limited fee title to the property. We do not review that portion of the court of appeals' decision holding that the Ditch Company has a prescriptive easement on property adjacent to the forty-foot strip.[4]

II.

The Homeowners do not dispute that the Ditch Company has an easement to operate the Ditch on the condemned property. We only consider whether the Ditch Company's interest is limited to an easement, as claimed by the Homeowners, or is instead a limited fee, as the court of appeals concluded.

■ We first note that a plaintiff in a quiet title action under C.R.C.P. 105 bears the burden of establishing title in the property superior to that of the defendant. "In an action seeking to quiet title the plaintiff must rely on the strength of his own title rather than on the weakness in or lack of title in defendants." *Morrissey v. Achziger,* 147 Colo. 510, 513, 364 P.2d 187, 189 (1961). *See also Fastenau v. Engel,* 129 Colo. 440, 270 P.2d 1019 (1954). The Ditch Company bears the burden of establishing its claim to fee ownership of the property.

■ In an action to quiet title to condemned property, courts generally consider the nature of the interest in issue and determine the intent, express or implied, of the condemnation decree awarding the interest. *See City of Grand Junction v. Kannah Creek Water Users Association,* 192 Colo. 284, 557 P.2d 1173 (1976); *Lam-*

---

**3.** Additional allegations in the Ditch Company's complaint concerning the Gleasons' property have been omitted. *See supra* note 1.

**4.** The forty-foot strip (twenty feet on both sides of the Ditch centerline) condemned in the 1876 probate court decree is termed "Parcel A" in the

court of appeals opinion, the district court order, and the Ditch Company's complaint. The prescriptive easement over property adjacent to the forty-foot strip is referred to as "Parcel B" in the same documents.

*berson v. Thomas,* 146 Colo. 539, 362 P.2d 180 (1961).

■ In concluding that the Ditch Company owns the property in limited fee, the court of appeals supplied its own interpretation of the 1868 statute without regard to the terms of the 1876 condemnation decree as evidenced in the appraisers' report. 686 P.2d at 805. We reject the analytical approach used by the court of appeals as an improper invasion of vested, private property rights. Colo. Const. art. II, §§ 14–15.

The report of the appraisers, the only direct evidence offered by the Ditch Company demonstrating the terms of the decree, describes the Ditch Company's interest as "a right of way for said Ditch...." The report was delivered to the probate court on January 11, 1876, eight days after the appraisers were appointed by the court. The report states that the property valuation was made "[a]fter hearing the proofs and allegations required by Law, and after reviewing the various parcels of land sought to be taken or affected...."

■ In the absence of additional descriptive language, "right-of-way," when used to describe an ownership interest in real property, is traditionally construed to be an easement. *See, e.g., Lethin v. United States,* 583 F.Supp. 863 (D.Or.1984); *Wessells v. State, Department of Highways,* 562 P.2d 1042 (Ala.1977); *Loyd v. Southwest Arkansas Utilities Corp.,* 264 Ark. 818, 580 S.W.2d 935 (1979); *SMB Investments v. Iowa-Illinois Gas and Electric Co.,* 329 N.W.2d 635 (Iowa 1983); *Minneapolis Athletic Club v. Cohler,* 287 Minn. 254, 177 N.W.2d 786 (1970); *State ex rel. State Highway Commission v. Dannevik,* 79 N.M. 630, 447 P.2d 510 (1968).

The court of appeals quoted *McCotter v. Barnes,* 247 N.C. 480, 101 S.E.2d 330 (1958), to support the conclusion that "right-of-way" can mean a fee interest. *Gleason,* 686 P.2d at 805. *McCotter* actually states, in the sentence immediately preceding the language quoted by the court of appeals, that: "The term 'right of way' has a two-fold meaning: it may be used to

designate an easement, and, apart from that, it may be used as descriptive of the use or purpose to which a strip of land is put." 101 S.E.2d at 334. In the present case the appraisers' report clearly intended to describe an ownership interest in real property. The report stated: "[The Ditch] Company takes therefrom for a right of way for said Ditch...."

The court of appeals correctly pointed out that the 1868 condemnation statute in part stated that ditch companies receiving condemned property "shall become seized in fee...." Ch. XVIII, § 48, Rev.Stat. of Colo. (1868). However, in *Smith Canal or Ditch Co. v. Colorado Ice and Storage Co.,* 34 Colo. 485, 82 P. 940 (1905), we held that a condemnation decree for a ditch right-of-way under the 1868 statute created only an easement and not a fee interest. We reasoned that the intent of the 1868 statute as a whole was to pass "only such estate or interest as is reasonably necessary to accomplish the purpose in view...." *Id.* at 494, 82 P. at 943.

Further, the record is devoid of documents from the probate court, the appraisers, or any other public body or officer that contain a description of the forty-foot strip sufficient to identify the property boundaries. The appraisers' report identifies a forty-acre tract and then describes the property as "a strip of land forty feet wide and about one hundred and sixty rods in length containing about Two and one half acres." A document purporting to convey a fee interest must at least provide a means of identifying the property conveyed. *See Harrison v. Everett,* 135 Colo. 55, 308 P.2d 216 (1957).

■ The particularity of the description of the affected lands is a significant factor in determining whether a document creates a fee interest or an easement. *Fetzer v. Cities Service Oil Co.,* 572 F.2d 1250 (8th Cir.1978) (lack of clarity in land description may indicate the conveyance of an easement rather than a full possessory interest); *Northwest Realty Co. v. Jacobs,* 273 N.W.2d 141 (S.D.1978); R. Powell, *The Law of Real Property* ¶ 407 (1985); Restate-

ment of Property § 471 (1944). The *American Law of Property* states the rationale for the rule:

> A possessory interest [fee], as contrasted with an incorporeal interest, involves the exclusive possession of certain space. Hence its creation requires the designation of the space to be occupied. An easement authorizes the limited use of land within space occupied by another. Its nature does not require the precise description of that space which the creation of a possessory interest does.

> When a conveyance creates the right to use certain land but the conveyance is not sufficiently precise to create a possessory interest, the interest created, if one is created, is necessarily an easement.

*American Law of Property* § 8.21 (1952). The vague boundary description contained in the appraisers' report was consistent with the grant of an easement and not with the grant of a fee interest.

█ The Ditch Company was awarded an easement by the 1876 condemnation decree, not a limited fee. Accordingly, we reverse that portion of the judgment of the court of appeals interpreting the 1876 decree. We remand the case to the court of appeals with directions to reinstate the Jefferson County District Court's order that the Ditch Company has an easement to operate the Ditch over the condemned property.

VOLLACK, J., does not participate.