WILLIAM ABRAHAM ET AL *v.* CHARLES E. DOUGHERTY.

(51 A2d 133)

January Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 4, 1947.

72

*Clayton H. Kinney* for the plaintiffs.

*Asa S. Bloomer* for the defendant.

BUTTLES, J. The plaintiffs and the defendant own adjoining parcels of land, abutting on the north side of River Street in the City of Rutland. The premises of the plaintiffs are used by them for a retail business in coal and other fuels and extend from the Rutland Railroad property westerly to the house lot of the defendant, and that lot extends westerly a distance of 56 feet on the street line. In the middle of the street a ramp commences nearly opposite the defendant's west line and extends eastward past the premises of both parties, at a rising elevation, to form the approach to a bridge over the railroad tracks. This ramp and approach occupy the whole width of the street except for seven feet on the north side and about the same space on the south side. There is a

wall some three feet in height along the north edge of this ramp, forming a parapet or guard rail to the ramp and approach to the bridge.

Prior to Sept. 14, 1893, E. A. and E. R. Morse owned both of the properties here in question. On that date they conveyed to defendant's predecessor in title the land now owned by the defendant, by deed in which the first call of the description reads: "beginning at the south-east corner of Mrs. Bridget Tierney's land on the north line of River Street and River Street bridge and running thence on the north line of River Street 56 feet." The description is followed by this reservation: "Reserving to the said Grantors their heirs or assigns the use of eight feet in width, of land, in front of said premises above described on the River Street line for a drive way for the benefit of the land lying East of the above described premises". On Sept. 26, 1932, the administrator of this grantee conveyed the same land to this defendant by deed which described it as beginning on the north side of River Street and River Street Bridge at the south-easterly corner etc. and running thence easterly on the north line of River Street 56 feet etc. The reservation to E. A. and E. R. Morse above referred to is recited in this deed.

The plaintiffs acquired title to their property on Oct. 21, 1921, by deed of E. R. Morse to whom the interest of E. A. Morse, then deceased, had been decreed. The last two calls of this deed read: "thence southerly along the east line of land of said Dougherty Estate to River Street; thence easterly along said River Street to the place of beginning." The land is further described as "being all the land now owned by E. R. Morse between the east side of said Spruce Street and the North side of the said River Street." It also conveys "a certain right of way reserved to the grantors in a certain deed from E. A. and E. R. Morse to William Henry Dougherty dated Sept. 14, 1893."

By their bill of complaint the plaintiffs allege that this right of way, eight feet in width, is bounded on the south and not on the north by the line of River Street. An injunction is sought restraining the defendant from obstructing the right of way as claimed by the plaintiffs, and ordering the removal of certain obstructions which it is alleged the defendant has placed therein. The defendant claims that the right of way lies to the south of the

north line of the street and entirely within the limits of the high-way. The correct location of the right of way is the determinative question. After hearing by the chancellor findings of fact were filed and decree rendered dismissing the complaint. The case comes here on plaintiffs' exceptions to several of the findings of fact.

It has been held that where one owns land abutting on a highway the legal presumption, in the absence of evidence showing the fact to be otherwise, is that said owner owns to the middle of the highway; and where one conveys land abutting on a highway, in which he owns the fee, the law presumes that he intended to convey to the middle of the highway, and will give the deed such effect unless the language used by the grantor in his deed shows a clear intent to limit to the side of the highway, and in all cases where general terms are used in a deed such as "to a highway" or "upon a highway" or "along a highway" the law presumes the parties intended the conveyance to be to the middle or center line. *Marsh* v. *Burt,* 34 Vt 289, 290, 291; *Elliot* v. *Jenkins,* 69 Vt 134, 139, 37 A 272; *Buck* v. *Squiers,* 22 Vt 484, 489.

Although a conveyance calling for the side line of a street or highway as a boundary has sometimes been construed as including the street or highway to its center, generally such an instrument is held to limit the grant to the side line, in the absence of language or circumstances indicating a different intention. 11 CJS 584. See also 8 Am Jur Boundaries § 39. *Buck* v. *Squires, supra,* is authority for application in this State, under proper circumstances, of the rule generally prevailing where the conveyance calls for the side line of a highway. In the absence of evidence of circumstances indicating a different intention by the parties we hold that the deed from E. A. and E. R. Morse to the defendant's predecessor conveyed no property or property rights within the limits of the highway and there was, therefore, no land within those limits over which the reserved right of way could extend.

Furthermore it is not questioned that even if the defendant owned the fee in the highway to the middle line the public had an easement therein, which was the right of making, repairing, and using the highway as an open passage or thoroughfare. *Pettibone* v. *Purdy,* 7 Vt 514, 520. But as members of the public the plaintiffs and their predecessors and the defendant and his predecessors were beneficiaries of the public easement. Both parties already

had a right of way in the public highway which would not be affected by any attempted reservation or conveyance. The result would be that if the reservation in question were construed to cover only land in the highway it would be superfluous and of no effect.

One of the established rules for the construction of written instruments to ascertain the intention of the parties is that it is the duty of the court, if possible, to construe the instrument so as to give effect to every part and form from the parts a harmonious whole. *Freeguard* v. *Bingham,* 108 Vt 404, 406, 187 A 801; *Vermont Shade Roller Co.* v. *Burl. Traction Co.,* 102 Vt 489, 502, 150 A 138, and cases cited. Such effect can only be given to this instrument as to form from all the parts a harmonious whole by construing the words "in front of" to mean "in the front of" or "in the front part of" or "Across the front of ", and we so construe them, rather than as meaning "before" or "ahead of" the premises described, and separate therefrom.

The Chancellor's 12th finding of fact reads: "The space between the south line of the lands and premises conveyed by the Morses to William H. Dougherty and the center of River Street is 'in front of' the lands so conveyed", and the 14th finding is: "The right of way 'reserved' to E. A. and E. R. Morse and now owned by the plaintiffs, lies south of the south line of lands now owned by defendant." Plaintiff's exceptions to these two findings are sustained. The 13th finding, to which exception was taken, is that there was and there is now a passageway not generally used for public purposes as a portion of the highway south of the south line of the defendant's property and on the River Street highway easement. The public retains its easement in this strip of land and the extent to which it uses or has used its right is immaterial to the issue as we view it. No other exceptions were briefed by the plaintiff.

What we have said establishes the correct location of the plaintiff's right of way as being, as a matter of law, north of the north line of River Street. But the findings before us do not disclose whether such right of way has been or is obstructed by the defendant in such manner and to such extent as to warrant the granting of injunctive relief, preventive or mandatory, as prayed.

*Decree reversed and cause remanded for further proceedings and for decree not inconsistent with the views herein expressed.*