**Raymond W. NEAR, Plaintiff–Appellant,**

v.

**George W. CALKINS, Carleen Poland, and Nancy P. Dominick, Defendants–Appellees.**

**No. 95CA0785.**

Colorado Court of Appeals, Div. V.

March 6, 1997.

Rehearing Denied May 1, 1997.

Certiorari Denied Oct. 27, 1997.

Law Offices of Richard Silverstein, Richard Silverstein, Janice H. Ferguson, Denver, for Plaintiff–Appellant.

Krassa, Kumli & Madsen, LLC, Shayne M. Madsen, Robert F.T. Krassa, Boulder, for Defendants–Appellees.

Opinion by Judge ROY.

Plaintiff, Raymond Near, appeals from the declaratory judgment of the trial court concluding that a strip of property adjacent to a parcel owned by him is private property in which he has no ownership interest. We affirm in part and vacate in part.

The facts are substantially undisputed. Plaintiff is the owner of four unimproved lots in the University Park Heights Subdivision as platted in 1890 (the Subdivision). The property in question is immediately adjacent to plaintiff's lots on the east and consists of the west one-half (30 feet) of what is designated on the Subdivision plat as Elizabeth Street (subject property).

The 1890 plat contained a provision dedicating the streets and alleys on the plat as public rights-of-way, but that dedication was never accepted by any governmental entity. In 1915 and in 1920, the then owner of substantial portions of the Subdivision vacated the plat including all of the streets and alleyways adjacent to the lots owned by the vacating owner. The Subdivision plat was not vacated as to plaintiff's four lots or the subject property as a segment of Elizabeth Street.

Since 1950, the subject property has been used and maintained as a private drive, or the entry to a private drive, by residential property owners to the south. In 1955, the City of Cherry Hills Village (the City), which was a party before the trial court but not on appeal, annexed the area.

In 1974, plaintiff, through his predecessor company, purchased the four lots and in 1977 commenced the first of a series of lawsuits, the purpose of which, under different theories, was to permit him to build a residence

on his four lots. Plaintiff has been unable to obtain the requisite building permits because the City has concluded that the four lots together are too small to qualify under existing ordinances. Plaintiff's neighbors, including defendants, have opposed the issuance of the building permit.

In this proceeding, plaintiff initially sought a declaratory judgment as to whether the subject property is now public or private property. In its final order, the trial court concluded:

> THEREFORE, the Court finds that the recordation of the plat in 1890 constituted an offer to dedicate the property to the county. Colorado law requires that the offer be accepted in a reasonable time. From 1890 until annexation in 1955, a period of 65 years, no action was taken by the county or the public to accept the offer of dedication. In 1955, the City annexed the property and no public roadways were indicated on the plat. Since 1955, the City has taken no formal action to create a public street, nor has it maintained or improved the strip of land. It has been used, maintained and paid for by Defendant Dominick and other Defendants as a private driveway. It is, therefore, the ruling of this Court that the 30–foot strip of land is private property not owned by Plaintiff, and judgment is entered accordingly.

No one appeals the conclusion of the trial court that the subject property is private.

On appeal, plaintiff urges that it was inappropriate for the trial court to make any declaration as to the ownership of the subject property and, in the alternative, that the trial court's declaration was in error. We disagree with the former and agree with the latter.

## I.

■ This is not a quiet title action pursuant to C.R.C.P. 105(a), but rather was commenced and pursued as a declaratory judgment action pursuant to § 13–51–105, C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 57(a). As a result, plaintiff argues that the trial court was without jurisdiction to determine any ownership issues with respect to the subject property. We disagree.

Section 13–51–105 states:

> Courts of record within their respective jurisdictions have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

C.R.C.P. 57(a) is essentially identical.

■ A declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the court, but does not constitute an absolute bar to later proceedings where the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action. *Atchison v. City of Englewood,* 180 Colo. 407, 506 P.2d 140 (1973); *cf. Beacom v. Board of County Commissioners,* 657 P.2d 440 (Colo.1983) (for a declaratory judgment to be binding, the necessary parties must be before the court).

This action was initially commenced against the City and designated officials seeking: (1) declaratory relief as to the rights of the parties under an agreement entered in settlement of previous litigation; (2) declaratory relief that City could not deny plaintiff a building permit based on the failure of the four lots to contain one-half acre of land; and, in the alternative, (3) compensation measured by the fair market value of plaintiff's lots on a theory of inverse condemnation. Later, while a motion for summary judgment was pending as to the original complaint, plaintiff filed an amended complaint seeking a determination that the subject property was private, not public, property.

In granting plaintiff's motion to file the amended complaint, the trial court required plaintiff to join any abutting property owners who might have an interest in the status of the subject property. Defendant Calkins was added as the owner of the property

immediately east of the segment of Elizabeth Street containing the subject property.

The trial court granted the City's summary judgment motion in its entirety, dismissed the City and the named public officials from the litigation, and ordered that additional parties be added as defendants.

Plaintiff then filed a second amended complaint adding the parties as ordered by the trial court, continuing to seek declaratory relief, and asserting "that the 30 feet of what was Elizabeth Street adjacent to his property is property owned by him or property for which he receives credit in determining lot size."

Our review of the subsequent pleadings from both parties, the exhibits offered and admitted, the authority relied upon, and the testimony of the witnesses, indicates that the primary issue litigated, in addition to the public/private status of the subject property, was whether plaintiff had an ownership interest. Therefore, as finally postured by the summary judgment dismissing the City and its officials, the addition of the neighboring property owners, and plaintiff's allegation of ownership, we conclude that the trial court acted within its jurisdiction and authority to rule on the ownership interest of plaintiff in the subject property.

## II.

■ Plaintiff next contends that the trial court erred in holding he had no ownership interest in the subject property. Based on this record, we agree.

This is not, and was not treated as, a quiet title action. In addition, the trial court did not make detailed findings of fact with respect to the ownership issue.

There is no dispute in the record as to those facts and documents relevant to the issue of plaintiff's ownership interest in the subject property. The only issue is the legal significance of those facts and documents.

The issue on appeal, therefore, is not whether plaintiff may ultimately have an ownership interest in the subject property subject to, or encumbered by, any interest of defendants. The sole issue before us is

whether the trial court, on this record, was correct in holding that the subject property was "not owned by Plaintiff." We conclude that the ruling was in error and must be vacated.

The parties agree, though no finding was made by the trial court, that the segment of Elizabeth Street incorporating the subject property was never vacated.

The earliest instrument admitted into evidence is a general warranty deed from a Cora L. Henderson to Louesa B. Bromfield dated September 3, 1947, which conveys plaintiff's lots as follows:

Lots forty-five (45), forty-six (46), forty-seven (47) and forty-eight (48), in Block numbered six (6), in University Park Heights, and also all right, title and interest in and to the vacated streets and alley contiguous to and adjoining said lots.

This deed purports to convey the interest of Edwin McCall and Florence McCall, both having died in Illinois without probate, by Cora L. Henderson who represented herself by recitals in the deed as, ultimately, their sole heir. The defendants agree that the original subdivider conveyed the lots to the McCalls. The Henderson deed, without more, does not convey the McCall interest. *But see* § 38–35–107 C.R.S. (1982 Repl.Vol. 16A) (recitals in an instrument are prima facie evidence of the facts recited after the instrument is of record twenty years).

However, on May 23, 1963, Louesa Bromfield brought a quiet title action as to plaintiff's lots described as follows:

Lots 45 to 48, Block 6, University Park Heights, according to the recorded Plat thereof.

On September 5, 1968, the court issued a decree quieting title to plaintiff's lots in Louesa B. Bromfield as described in the quiet title complaint. Plaintiff's marketable title to his four lots, which is not questioned, is derived from this decree. This fact does not, in our view, affect our analysis.

■ The holder of a deed which describes property as bounded on a roadway, or which references a map or plat that shows a highway boundary, is presumed to have title up to the center of the roadway, unless the

language of the deed clearly states an intention to restrict the boundaries of the conveyance. *Overland Machine Co. v. Alpenfels,* 30 Colo. 163, 69 P. 574 (1902) (rule recognized but exception found when common grantor conveyed platted block and separately quitclaimed adjacent street in same instrument, and subsequent conveyances of platted block alone did not include street.); *Olin v. Denver & Rio Grande R.R. Co.,* 25 Colo. 177, 53 P. 454 (1898) (conveyance of platted lot in subdivision without reservation conveys to center of dedicated street).

Most jurisdictions adhere to this general rule of construction. *See Duchesnaye v. Silva,* 118 N.H. 728, 394 A.2d 59 (1978); *Prewitt v. Whittaker,* 432 S.W.2d 240 (Mo.1968); *Murphy v. Mart Realty of Brockton, Inc.,* 348 Mass. 675, 205 N.E.2d 222 (1965); *Fenton v. Cedar Lumber & Hardware Co.,* 17 Utah 2d 99, 404 P.2d 966 (1965); *Abraham v. Dougherty,* 115 Vt. 71, 51 A.2d 133 (1947); Annot., 49 A.L.R.2d 984 (1956); 11 C.J.S. *Boundaries* §§ 33–36 (1995).

■ One noted reference states this rule as follows:

Whether acquired by deed, dedication, condemnation, or prescription, it is the general rule that in acquiring public rights of way a municipality takes an easement only. When thereafter, a conveyance is made of the adjoining land, the courts usually consider the lack of any practical benefit to the grantor of a retention of title to the appurtenant strip of land, along with lesser reasons, to be such an indication of his intention to have it included that it is the general rule to construe such conveyances to carry the title to the center of the right of way, subject to the public easement, provided the grantor at the time owned to the center and there are no words of specific description to show the contrary intent. The rule naturally includes, not only roads and streets, but also alleys. . . .

In order to come within the rule, it is not necessary that the conveyance describe the land as bounded by a street or highway, provided only it is actually so bounded. Nor is the presumption of intention to include the grantor's title in the street necessarily overcome by a description by

metes and bounds which stops at the side thereof. And when the description is by a lot of a plat, which shows the lot to be bounded by a highway, street, or alley the grant extends to the center of the public way, if the grantor owns that far, in the absence of a clear intention to the contrary. . . .

R. Patton, *Patton on Land Titles* § 143 (2d. ed.1994). When there are no reservations in an absolute deed, the most valuable estate passes of which the grantor is seized. *Olin v. Denver & Rio Grande R.R. Co., supra.*

■ A common law dedication such as that attempted here grants an easement, not fee ownership. Therefore, the attempted common law dedication is not inconsistent with abutting owners owning to the center of the street. *See* H. Tiffany, *Tiffany on Real Property* § 1112 (1994).

We recognize that a statutory dedication of streets to the public results in the conveyance of fee title, not an easement. Section 31–2–106, C.R.S. (1986 Repl.Vol. 12B); *Buell v. Redding Miller, Inc.,* 163 Colo. 286, 430 P.2d 471 (1967). However, a statutory dedication was not contemplated and is not here involved.

When a public street or roadway owned in fee is vacated, title vests in abutting property owners by statute. Section 43–2–302, C.R.S. (1993 Repl.Vol. 17). Our supreme court has held, however, that vacating a platted street or alley that has been dedicated to, and accepted for, public use creates two separate parcels and a subsequent conveyance of a platted lot does not include the street or alley without it being specifically described and included. *Sky Harbor, Inc. v. Jenner,* 164 Colo. 470, 435 P.2d 894 (1968); *Morrissey v. Achziger,* 147 Colo. 510, 364 P.2d 187 (1961); *see also Colorado Real Estate Title Standard,* Standard 8.3.1 (1995).

We conclude that under the circumstances of this case and absent the express or implied exclusion of the adjacent street in a prior conveyance, the owner of a platted lot in a subdivision owns to the center of the abutting street. Therefore, on this record, it was inappropriate for the trial court to con-

clude that plaintiff had no ownership interest in the subject property.

The portion of the judgment concluding that the plaintiff has no ownership interest in the subject property is vacated and the judgment is otherwise affirmed.

STERNBERG, C.J., and TURSI*, J., concur.