**Greg S. ALEXANDER, Plaintiff–Appellant,**

v.

**Casey N. McCLELLAN and County Commissioners of Douglas County, Colorado, Defendants–Appellees.**

**No. 01CA0164.**

Colorado Court of Appeals,
Div. V.

Dec. 6, 2001.

Arckley & Reha, LLC, John F. Reha, Littleton, CO, for Plaintiff–Appellant.

Folkestad & Fazekas, P.C., Ernest F. Fazekas, II, Aaron W. Barrick, Castle Rock, CO, for Defendant–Appellee Casey N. McClellan.

J. Mark Hannen, Douglas County Attorney, Castle Rock, Colorado; Griffiths, Tanoue, Light, Harrington & Dawes, P.C., Steven J. Dawes, Brian S. Popp, Denver, CO, for Defendant–Appellee Board of County Commissioners of Douglas County.

Opinion by Judge KAPELKE.

In this quiet title action, plaintiff, Greg S. Alexander (grantee), appeals the judgment in favor of defendant Casey N. McClellan (grantor). The primary issue on appeal is whether grantor's deed to grantee conveyed title to portions of two vacated county roadways that adjoined the lot described in the deed. We affirm.

In 1998, grantor conveyed to grantee a parcel of property described in the warranty deed as "Lot 1, Block 19, Town of Sedalia." Lot 1, Block 19 is depicted on a plat map of the town of Sedalia, an unincorporated community in Douglas County. Contiguous to the described lot are two vacated county roadways known as Platte Avenue and Jones Street. Jones Street was vacated by the county no later than February 1976, and Platte Avenue was vacated in May 1986.

By separate transactions, grantor had acquired from his predecessors: 1) the vacated roadways, described as such; and 2) a parcel described as Lot 1, Block 19. The first conveyance, in 1995, included a large parcel of property not involved here, together with the disputed portions of the vacated roadways, which were described by street name in the deed. The deed for the second conveyance, in 1996, described the affected property as "Lot 1, Block 19, Town of Sedalia." That deed made no reference to the vacated roadways.

The 1998 warranty deed from grantor to grantee also described the affected property as "Lot 1, Block 19, Town of Sedalia," and did not refer to the vacated roadways.

After a dispute arose between the parties, grantee filed this action against grantor, Douglas County (the county), and a title insurance company. As relevant here, grantee claimed that, as a matter of law, grantor's conveyance of Lot 1, Block 19 also included the portions of the vacated roadways up to the respective center lines.

In his complaint, grantee asserted a claim against grantor for quiet title relief as to Lot 1, Block 19, including the disputed portions of the vacated roadways. He also asserted a quiet title claim against the county as to portions of the vacated roadways that he believed grantor had conveyed to the county. In fact, the conveyance to the county did not occur until after this action was filed. The grantor and the county asserted counterclaims.

Both grantor and grantee filed motions for summary judgment, each asserting that there were no genuine issues of material fact and that he was entitled to quiet title relief as a matter of law. The trial court ruled in favor of grantor, quieted title to the disputed property in grantor, and dismissed grantee's claims against grantor. The judgment was made final for purposes of C.R.C.P. 54(b). The county's counterclaims were adjudicated separately and are the subject of another appeal.

## I.

■ Relying on *Near v. Calkins,* 946 P.2d 537 (Colo.App.1997), grantee contends that, as a matter of law, grantee's deed conveying Lot 1, Block 19 included half of the vacated roadways, even though those parcels were not referred to in the deed. Thus, grantee argues, the summary judgment for grantor was improper. We disagree.

■ Summary judgment is a drastic remedy and should be granted only upon a clear showing that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c). The moving party has the burden of establishing that no triable issue exists, and all doubts must be resolved in favor of the nonmoving party. *Smith v. Boyett,* 908 P.2d 508 (Colo.1995). The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Gifford v. City of Colorado Springs,* 815 P.2d 1008 (Colo.App.1991).

■ Our review of a grant of summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995).

We conclude that *Morrissey v. Achziger,* 147 Colo. 510, 364 P.2d 187 (1961), is dispositive here. There, as here, a common owner of a lot and vacated adjacent roadway had delivered a deed to the plaintiff's predecessor describing the property only by lot number. The supreme court noted the general rule that upon vacation of a roadway, the owners of the abutting property become the fee owners up to the center line of the vacated roadway. However, the court held that a deed drawn *subsequent to* the vacation of the roadway, and which describes the transferred property only by lot number, does not divest the grantor of title to any portion of the adjacent vacated roadway.

The holding in *Morrissey* is supported by leading treatises:

> [I]f a conveyance is made of lots which abut upon, or which are separated by, a vacated street or alley, the general rule is that it will not be construed to include any portion of the vacated strip not specifically described therein unless the conveyance shows an evident intention to include same.

R. Patton, *Patton on Land Titles* § 143 at 377 (2d ed. 2000)(citing *Morrissey v. Achziger, supra,* among other authorities); *see also* H. Tiffany, *The Law of Real Property* § 996 (3d ed. 2000).

One justification for this rule is that, once vacated, the roadway may have independent value to the grantor, especially where, as here, it is contiguous to another parcel of property retained by the grantor. H. Tiffany, *supra.* The rule in *Morrissey* is also reflected in Colorado Real Estate Title Standard 8.3.1, which provides in part as follows:

> Problem: (A) The record reveals the vacation of all or part of a roadway, as defined in Section 43–2–301, C.R.S., which was not originally a portion of a lot or lots included in a platted subdivision. Subsequently, an

abutting owner conveys, describing only the abutting tract, omitting description of the vacated strip. By the deed, does he convey any portion of the property which he acquired as a result of the vacation? Answer: No.

Plaintiff relies on *Near v. Calkins, supra,* for his contention that his title extends to the center of the vacated roadways as a matter of law. This reliance is misplaced. In *Near,* the plaintiff had purchased four lots, bounded by a roadway, in a subdivision. There had been an attempt to dedicate the subdivision roads as public rights-of-way at one time, but the dedication had never been accepted by any governmental entity. Nor had there been a vacation of the streets at issue. The roadway had been maintained as a private drive by the owners of the adjacent properties. The trial court ruled that the plaintiff did not own any portion of the roadway.

A division of this court reversed on appeal. Citing *Morrissey v. Achziger, supra,* and other Colorado cases, as well as Colorado Real Estate Title Standard 8.3.1, the division in *Near* stated:

> Our supreme court has held ... that vacating a platted street or alley that has been dedicated to, and accepted for, public use creates two separate parcels and a subsequent conveyance of a platted lot does not include the street or alley without it being specifically described and included.

Nevertheless, the *Near* division concluded:

> [U]nder the circumstances of this case and absent the express or implied exclusion of the adjacent street in a prior conveyance, the owner of a platted lot in a subdivision owns to the center of the abutting street. Therefore, on this record, it was inappropriate for the trial court to conclude that plaintiff had no ownership interest in the subject property.

*Near v. Calkins, supra,* 946 P.2d at 541–42.

Presumably, the circumstances referred to by the *Near* division included the absence of either an effective public acceptance of the dedication of the roadway or a subsequent vacation. Thus, the facts in *Near* are wholly distinguishable from those presented here.

██ Grantee points to the quotation in *Near* of a passage appearing in § 143 of the Patton treatise. The *Near* opinion did not include, however, the discussion in that same section of the Patton treatise, which we quote above, recognizing that a conveyance of lots abutting a vacated roadway will *not* be construed to include any of the vacated strip not specifically described in the deed, absent a showing of an evident intention to include the strip. No such showing was made here.

██ Grantee further argues that only a statutory dedication, which grants a public entity fee simple in the roadway, would create a separate parcel that would remain separate upon vacation for purposes of analysis of the issue here. We disagree.

Upon vacation of a public easement, the affected street or alley is considered a separate tract of land, regardless of whether the dedication had created a public easement or a fee simple interest. *See* R. Patton, *supra,* § 143.

Further, we note that, as in this case, the vacated roadway at issue in *Morrissey* was also a county road and that upon dedication the interest vested in the public entity was only an easement. Thus, we see no basis to distinguish the facts of this case from those in *Morrissey.* The analysis and holding there are controlling.

Accordingly, the trial court properly concluded that grantor's deed to grantee did not convey title to any portion of the vacated roadways at issue. Therefore, the court did not err in quieting title in grantor.

## II.

Grantee also contends that the trial court erred in admitting and considering extrinsic evidence—specifically, the deeds to grantor from his predecessors. However, because we conclude as a matter of law that grantor's deed did not transfer to grantee any portion of the adjacent vacated roadways, we need not address this contention.

The judgment is affirmed.

Judge CASEBOLT and Judge VOGT concur.