**Greg S. ALEXANDER, Plaintiff–Appellant,**

**v.**

**Casey N. McCLELLAN and the Board of County Commissioners of Douglas County, Defendants–Appellees.**

**No. 01CA1063.**

Colorado Court of Appeals,
Div. IV.

July 5, 2002.

See also 39 P.3d 1265.

Arckey & Reha, L.L.C., John F. Reha, Littleton, Colorado, for Plaintiff–Appellant.

Folkestad & Fazekas, P.C., Ernest F. Fazekas, II, Aaron W. Barrick, Castle Rock, Colorado, for Defendant–Appellee Casey N. McClellan.

Griffiths, Tanoue, Light, Harrington & Dawes, P.C., Steven J. Dawes, Sean A. Chase, Denver, Colorado, for Defendant–Appellee Board of County Commissioners of Douglas County.

Opinion by Judge CRISWELL.*

Plaintiff, Greg S. Alexander (buyer), appeals the trial court's judgment following a bench trial dismissing his quiet title claim against defendants, Casey N. McClellan (seller) and the Board of County Commissioners of Douglas County (the Board). We affirm.

This dispute involves a parcel of property, known as Lot 1, Block 19, located in the unincorporated town of Sedalia, Colorado. Before 1986, the property was bounded on the north by Platte Avenue, which had been dedicated as a public road. An adjacent lot, Lot 2, Block 19, abutted the disputed property on the west. A gravel road known as Karcher Street ran north and south over the adjacent lot near the western boundary of the property. As it neared Platte Avenue, Karcher Street crossed the extreme northwest corner of the property to connect with Platte Avenue.

In 1986, the Board adopted a resolution vacating the portion of Platte Avenue abutting the property. The vacation resolution stated, in part:

WHEREAS, that portion of Platte Avenue north of Blocks 19 and 20 in Sedalia, Colorado ... has never been used as a public right-of-way; and

. . . .

WHEREAS, the vacation of this right-of-way will neither interfere with the development of, nor delay access via public thoroughfare to, existing structures, adjoining properties, utility services or other improvements;

. . . .

NOW, THEREFORE BE IT RESOLVED BY [THE BOARD] THAT that portion of Platte Avenue north of Blocks 19 and 20, Sedalia, Colorado ... [is] hereby vacated, and all rights of the public in and to the use of said rights-of-way are released and terminated.

In 1995, seller acquired title to vacated Platte Avenue. In 1996, he separately acquired title to the property. In 1998, seller conveyed the property to buyer, but the conveyance made no reference to vacated Platte Avenue. It has previously been determined that, as a result, buyer acquired no interest in vacated Platte Avenue. See Alexander v. McClellan, 39 P.3d 1265 (Colo.App.2001).

In 1999, buyer filed an action against seller, the Board, and a title insurance company, which is not a party to this appeal. Buyer's complaint sought, in part, to prevent further use of that portion of Karcher Street that crossed the property. The Board asserted that it was entitled to a prescriptive easement across the property for Karcher Street pursuant to § 43–2–201(1)(c), C.R.S.2001. In response, buyer argued that: (1) the public's use had to be exclusive to support a claim under § 43–2–201(1)(c) and that the use here had not been exclusive; (2) the Board had abandoned Karcher Street when it vacated Platte Avenue; and (3) estoppel precluded the Board's claim to Karcher Street.

The case proceeded to trial on the issue whether Karcher Street should be declared a public highway pursuant to § 43–2–201(1)(c). Several witnesses testified to the public's continuous use of Karcher Street and the Board's maintenance of it for over twenty years. Buyer even testified that he was aware of traffic on Karcher Street; he admitted that, prior to acquiring the disputed property, he saw approximately ten cars per week, in addition to regular school bus traffic, using Karcher Street to access that portion of Platte Avenue that had not been vacated.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2001.

Supported by the testimony and other evidence, the trial court found that the Board had established by a preponderance of the evidence that Karcher Street was a public highway pursuant to § 43–2–201(1)(c). In doing so, it rejected each of buyer's arguments.

### I.

■ Buyer first contends that the trial court erred in declaring Karcher Street a public highway pursuant to § 43–2–201(1)(c) because the public's use of Karcher Street had not been exclusive. We disagree.

■ Under § 43–2–201(1)(c), public highways include "[a]ll roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years." This provision "codifies the common law method by which the public can obtain title to roadways by adverse use." *Board of County Commissioners v. Flickinger*, 687 P.2d 975, 980 (Colo.1984); *Walter v. Hall*, 940 P.2d 991 (Colo.App.1996), *aff'd*, 969 P.2d 224 (Colo.1998).

■ To obtain a common law prescriptive easement over a parcel of property, it is unnecessary to establish *exclusive* possession of that property. *Rivera v. - Queree*, 145 Colo. 146, 358 P.2d 40 (1960); *Agricultural Ditch & Reservoir Co. v. Gleason*, 686 P.2d 802 (Colo.App.1984), *rev'd in part on other grounds sub nom. Hutson v. Agricultural Ditch & Reservoir Co.*, 723 P.2d 736 (Colo. 1986).

Moreover, nothing within the pertinent statute reflects any legislative intent to change this common law rule. On the contrary, the statute codifies the common law method. *Board of County Commissioners v. Flickinger, supra.* Indeed, a requirement for exclusive possession would be inconsistent with the very nature of an easement interest, as distinguished from an interest in fee.

We conclude, therefore, that the trial court properly declared that Karcher Street had been established as a public roadway under § 43–2–201(1)(c), without requiring a showing that the public's use of the property for road purposes had been its only use.

### II.

■ Buyer next contends that the trial court erred in determining that the Board had not abandoned Karcher Street. He asserts that the resolution vacating Platte Avenue and the Board's minutes discussing that resolution establish that abandonment as a matter of law. We disagree.

■ Whether abandonment of a public road has occurred is a question of fact. *Heath v. Parker*, 30 P.3d 746 (Colo.App. 2000). Factual determinations are committed to the sound discretion of the trial court as the trier of fact, and its findings must be accepted on review unless so clearly erroneous as to find no support in the record. *National Propane Corp. v. Miller*, 18 P.3d 782 (Colo.App.2000).

■ Abandonment of a public road requires proof of intent to abandon and proof of nonuse. *Heath v. Parker, supra.*

Here, the vacation resolution and the Board's minutes were the only evidence presented by buyer that tended to support his claim of abandonment. This evidence established only that the Board had vacated Platte Avenue, which lay north of the disputed property. On appeal, buyer admits that this vacation resolution did not vacate any other property south of Platte Avenue, where Karcher Street is located.

Further, the Board presented several witnesses who testified to the public's continuous use and the Board's maintenance of Karcher Street for over twenty years. In addition, the record clearly indicates, and buyer does not dispute, that Karcher Street was still being used as a road at the time of trial.

Thus, we conclude that the vacation resolution and the Board's minutes do not establish abandonment as a matter of law and that the record supports the trial court's finding that the Board had not abandoned Karcher Street.

## III.

Buyer also contends that the trial court erred in finding that the Board was not estopped from claiming Karcher Street as a public highway. We also reject this contention.

 "Estoppel requires that a person, by words, by conduct, or by silence when he or she has a duty to speak, induce another to change position detrimentally in reasonable reliance on his or her actions." *Continental Western Insurance Co. v. Jim's Hardwood Floor Co.*, 12 P.3d 824, 828 (Colo.App.2000).

Whether the circumstances of a particular case establish a representation or reasonable reliance to support a claim for equitable estoppel is a question of fact. *Continental Western Insurance Co. v. Jim's Hardwood Floor Co., supra.*

Here, the trial court found that the Board was not estopped from asserting that Karcher Street was a public highway because buyer was aware of the public's use of it despite any language in the vacation resolution. Buyer's own testimony supports this finding.

However, buyer asserts that this finding was in error because he allegedly relied on the vacation resolution and because he relied on the warranty deed conveying the property to him, which did not except Karcher Street.

As previously noted, however, the vacation resolution did not describe or otherwise refer to Karcher Street.

As to the warranty deed, the Board was not a party to that transaction. Whatever representation may be contained in this deed, if any, cannot be charged against the Board.

Thus, the evidence allowed the finding that buyer could not have relied on any representation by the Board, either in the vacation resolution or in the warranty deed, in deciding to purchase the disputed property. We conclude, therefore, that the trial court's finding that estoppel did not bar the Board's claim to Karcher Street was supported by the record and was not clearly erroneous.

We likewise reject buyer's reliance upon the doctrine of "quasi estoppel," sometimes referred to as "election of remedies," which he asserts prevents the Board from taking inconsistent positions. Nothing in the Board's vacation resolution, which made no mention of Karcher Street, is inconsistent with its later insistence upon a roadway interest in that street. *See Italian–American Bank v. Carosella*, 81 Colo. 214, 254 P. 771 (1927).

Judgment affirmed.

Judge NEY and Judge VOGT concur.