Joseph W. WEISIGER, a/k/a Joseph Weisiger, Jr., a/k/a Joseph W. Weisiger, Jr., and Emily Weisiger, Plaintiffs–Appellees,

v.

Daniel F. HARBOUR and K. Grant Harbour, Defendants–Appellants.

No. 01CA2230.

Colorado Court of Appeals, Div. V.

Nov. 21, 2002.

Ed Hartshorn, Fairplay, Colorado, for Plaintiffs–Appellees.

Dan S. Hughes, P.C., Dan S. Hughes, Colorado Springs, Colorado, for Defendants–Appellants.

Opinion by Judge WEBB.

In this dispute between neighboring landowners, defendants, Daniel F. Harbour and K. Grant Harbour, appeal the judgment and decree granting plaintiffs, Joseph W. Weisiger and Emily Weisiger, a prescriptive easement for access to their property over defendants' property. We affirm.

Since 1970, plaintiffs have owned in whole or in part several mining claims that are entirely surrounded by national forest land, except for one point of contact with the fifty-five-acre tract to the east, which defendants have owned since 1983. In 1998, plaintiffs commenced this action, alleging that they had been crossing defendants' property on a historic mining road since 1970 and thus were entitled to a prescriptive easement or easement by necessity for access to their property over defendants' property, as well as an injunction preventing defendants from interfering with their access.

After a bench trial in 2001, the court concluded plaintiffs had established open, continuous, and hostile use for more than the eighteen-year prescriptive period. The court entered a decree granting plaintiffs a prescriptive easement across defendants' property, but did not address plaintiffs' claims for an easement by necessity or for injunctive relief.

On appeal, defendants argue the trial court erred because plaintiffs changed their route across defendants' property during the prescriptive period, plaintiffs' allegedly hostile use was interrupted by a period of use to which defendants consented, and plaintiffs' use was neither open and notorious nor hostile to defendants' use. We reject each contention in turn.

An easement by prescription is acquired when the use is open or notorious, continuous without effective interruption for the prescriptive period, and either adverse or pursuant to an attempted but ineffective grant. *Lobato v. Taylor,* —— P.3d ——, 2002 WL 1360432 (Colo. No. 00SC527, June 24, 2002). The prescriptive period is eighteen years. Section 38–41–101, C.R.S.2002.

On review, we will not disturb a trial court's determination concerning the existence of a prescriptive easement when the court bases its factual findings on competent evidence in the record. *Durbin v. Bonanza Corp.,* 716 P.2d 1124 (Colo.App.1986). We draw all reasonable inferences from the evidence in favor of the prevailing party, *Frontier Exploration, Inc. v. American National Fire Insurance Co.,* 849 P.2d 887 (Colo.App. 1992), and defer to the fact finder's decision on the credibility of witnesses; sufficiency, probative effect, and weight of the evidence; and inferences and conclusions drawn from conflicting evidence. *Cottonwood Hill, Inc. v. Ansay,* 709 P.2d 62 (Colo.App.1985).

## I.

Defendants first contend the trial court erred when it found plaintiffs used the claimed prescriptive easement for over eighteen years, because plaintiffs substantially changed their route across defendants' property after the thirteenth year. We disagree.

To acquire a prescriptive easement, a party must confine his or her use to a single, definite, and certain path. However, minor deviations do not defeat the claimed easement. Whether the route remained substantially the same is a factual determination for the trial court. *Sprague v. Stead,* 56 Colo. 538, 139 P. 544 (1914); *Brown v. Potter,* 534 P.2d 641 (Colo.App.1975)(not published pursuant to C.A.R. 35(f)).

Here, the trial court found, with record support, that from 1970 until 1983 plaintiffs reached their property approximately ten to twelve times per year using the mining road across defendants' property. In 1983,

however, plaintiffs partly changed their route because a new subdivision, bordering defendants' property on the east, blocked plaintiffs' direct access to the mining road where it crossed the eastern boundary of defendants' property.

The trial court further found plaintiffs thereafter continued to reach their property with the same annual frequency by entering defendants' property via Aspen Lane, a street within the subdivision north of the mining road, from that point creating a new route southwesterly across defendants' property until they reached the mining road, and then traveling the mining road to their property as they had done since 1970. The trial court did not make a finding concerning the magnitude of the change in plaintiffs' route, although the map attached to the decree shows both routes.

Defendants argue the trial court should have found this change substantial, thus breaking the statutory period. However, defendants do not dispute the finding that development of the subdivision, rather than a circumstance over which plaintiffs had any control, required them to change their point of entrance to defendants' property. Hence, for reasons discussed below, we need not address the absence of a finding on the magnitude of that change.

The parties cite no Colorado case dealing with a change in route similarly caused by circumstances beyond the control of the claimant to a prescriptive easement. However, courts in other jurisdictions have applied the requirement of a single path flexibly in similar circumstances. *See, e.g., Silverstein v. Byers,* 114 N.M. 745, 845 P.2d 839, 843 (Ct.App.1992)(emphasizing "the extent of the deviation and the reason for it" and noting a washout of the road caused the deviation); *State ex rel. Game, Forestation & Parks Commission v. Hull,* 168 Neb. 805, 97 N.W.2d 535 (1959)(deviations in the route during the prescriptive period to avoid encroachments or obstructions will not defeat a prescriptive easement). *See generally* 2 G. Thompson, *The Modern Law of Real Property* § 347 (1980); W.J. Bunn, Annotation, *Acquisition of Right of Way by Prescription as Affected by Change of Location or Deviation During Prescriptive Period,* 80 A.L.R.2d 1095 (1961).

■ Moreover, Colorado law requires a party to use a certain and definite route across the burdened estate because the trial court must be able to describe the easement with particularity in its decree. *See Wright v. Horse Creek Ranches,* 697 P.2d 384 (Colo. 1985). Here, both the record and the map incorporated in the decree show plaintiffs' use was sufficiently definite to specify the route.

Accordingly, we conclude the record supports the trial court's determination that plaintiffs adequately proved their use of a definite path across defendants' property for more than eighteen years.

Because we agree with the trial court that plaintiffs' prescriptive period began in 1970, and we conclude that the changed route did not interrupt this period, we decline to address plaintiffs' alternative argument that they established adverse use for eighteen years from 1983 to 2001. *See Smeal v. Oldenettel,* 814 P.2d 904 (Colo.1991)(appellate courts should avoid addressing issues that are unnecessary to the disposition of the appeal).

II.

Defendants next argue the trial court erred in according plaintiffs' use a presumption of adversity for the eighteen-year period, because defendants gave plaintiffs permission to cross their property for approximately two years beginning in 1989. We do not agree.

■ Using an easement for more than eighteen years entitles the holder to the presumption that use was adverse. *Trueblood v. Pierce,* 116 Colo. 221, 179 P.2d 671 (1947). However, this presumption can be rebutted by showing the use was permissive. *Bart's Body Shop, Inc. v. Hageman,* 536 P.2d 1150 (Colo.App.1975)(not published pursuant to C.A.R. 35(f)).

■ Here, defendants contend plaintiffs' use was permissive between 1989 and 1991 because, as the trial court found, during this time the gate separating defendants' proper-

ty from Aspen Lane had two locks, one for each party, and, plaintiffs entered defendants' property without removing the gate from its hinges or cutting the chain on the gate, as they had done since 1983.

Faced with conflicting evidence as to the reasons for this arrangement, the trial court concluded that defendants' evidence was insufficient to overcome the presumption of adverse use. Record support for this conclusion includes testimony of one defendant that he did not know why the gate had two locks, whether plaintiffs had permission to cross defendants' land to reach their property, or whether he would have allowed plaintiffs to place the lock on the gate had they asked for permission. He also testified that he would have consulted an attorney before consenting to a two-lock arrangement, to be sure he understood the legal significance of his actions. We may not disturb the trial court's resolution of this conflicting evidence. *See Cottonwood Hill, Inc. v. Ansay, supra.*

■ Moreover, the record also supports the trial court's determination that plaintiffs began crossing defendants' property in 1970 and that they continued to do so after 1983, despite the fence then built by defendants on the eastern boundary of their land and the gate locked by defendants at Aspen Lane. Thus, regardless of the alleged permissive use from 1989 to 1991, by 1988 plaintiffs had established eighteen years of adverse use.

### III.

Defendants finally argue that even if plaintiffs' period of prescriptive use was not interrupted by either the changed route or an interval of permissive use, the trial court nevertheless erred because plaintiffs' use was hidden, not open and notorious. Defendants maintain they had no actual knowledge that plaintiffs were crossing their property, and plaintiffs did not exclude defendants from also using the mining road. Again, we disagree.

■ To satisfy the open and notorious element, the use must be sufficiently obvious to apprise the owner of the servient estate, in the exercise of reasonable diligence, that another is making use of the burdened land so

that the owner may object. However, actual knowledge by the owner need not be proved. *See Lively v. Wick,* 122 Colo. 156, 221 P.2d 374 (1950); *Allen v. First National Bank,* 120 Colo. 275, 208 P.2d 935 (1949).

■ Unlike a party claiming title to land by adverse possession, a party claiming a prescriptive easement need not be in continuous physical possession of the easement because a prescriptive easement is only a right to use the route whenever the holder desires passage. *Rivera v. Queree,* 145 Colo. 146, 358 P.2d 40 (1960)(the party claiming the easement by prescription need not live on the land or use it every day). Thus, requiring exclusive possession by the easement holder would be inconsistent with the nature of an easement. *Alexander v. McClellan,* 56 P.3d 102 (Colo.App.2002).

■ Here, defendants argue plaintiffs' use was not open and notorious because plaintiffs did not tell defendants they were crossing defendants' land, and defendants did not know plaintiffs were cutting the chain on the gate, removing the gate from its hinges, and creating the two-track road across defendants' property from Aspen Lane to intersect with the mining road.

However, evidence showed defendants were aware that in 1983 their father had discussed the access issue with plaintiffs. In 1985, plaintiffs sent defendants a written access proposal that defendants rejected. Hence, we conclude the record supports the trial court's determination that defendants knew plaintiffs were entering their property and using the mining road.

Defendants also argue plaintiffs' use was not open and notorious because plaintiffs used the route only ten to twelve times per year and did not prohibit defendants from using the route. However, the record also supports the trial court's determination that plaintiffs crossed defendants' property whenever they wanted to reach their property.

■ Intermittent use on a long-term basis satisfies the requirement for open, notorious, and continuous use. *Compare Martini v. Smith,* 18 P.3d 776 (Colo.App.2000)(using the claimed easement

once between 1985 and 1994 is not continuous), *aff'd*, 42 P.3d 629 (Colo.2002), *with Rivera v. Queree, supra* (using an alley way for trash collection and ingress and egress as needed was continuous). And the holder of a prescriptive easement need not exclude the owner of the servient estate. *Alexander v. McClellan, supra.*

The judgment is affirmed.

Judge ROTHENBERG and Judge TAUBMAN concur.